May Term, 1833.

CHRISTIAN-
BERRY
v.
CHRISTIAN-
BERRY.

3b 202
110 558

CHRISTIANBERRY *v.* CHRISTIANBERRY.

If a man apply for a divorce on account of the adultery of his wife, and it be proved that after the offence complained of, he himself lived in adultery with another woman, his application must fail.

*Semble*, that a petition for a divorce on account of adultery, should state the time and place when and where the offence was committed.

ERROR to the *Rush* Circuit Court.

M'KINNEY, J.—This is a petition filed by the plaintiff in error, in the *Rush* Circuit Court, to obtain a divorce on a charge of adultery and voluntary abandonment. The petition states, that the parties have been married twenty-seven years, and charges that the defendant was guilty of adultery, and had eight years ago left the plaintiff voluntarily, with the intention of abandonment, and has continued separate since. It is further alleged, that the petitioner has resided in this state four years. The Circuit Court dismissed the petition, and rendered judgment in favour of the defendant for costs.

The testimony on which the judgment was founded, is presented by the record. It appears that the parties resided in the state of *Tennessee*, and that eight years since, the defendant left the plaintiff, who had endeavoured, in vain, to induce her to return to him; that it was generally understood that the defendant lived in adultery; that since the plaintiff came to this state, he has lived with a woman who has children, supposed to be his; and that nothing was alleged against him, until the departure and adultery of his wife.

The statute regulating divorces, designates particular causes for which they may be granted; among these is adultery, or where either party has left the other, with the intention of abandonment, for the space of two years; and further gives authority to the Circuit Court to grant them, when, in its discretion, it may be considered reasonable and proper. We cannot admit, as was contended, that proof of voluntary abandonment, of adultery, or of any of the other causes designated, would, unconnected with acts of the opposite party, render it imperative on the Circuit Courts to grant a divorce. Such a construction of the act would not only conflict with the legislative intendment, and oppose settled principles of law, but would afford an inducement to all disposed for a change of the relation, to enforce the extension of its benefit by a course of conduct, from which the result intended must necessarily flow. Legislation contemplates the prevention of wrong; but never invites to its commission. The wronged and injured are the objects of its protection; its sanctions await offenders. If the construction contended for were admitted, or warranted, cruel treatment or corrupting example, bringing a party within the act, would enable him to take advantage of a wrong. This

26*

May Term,
1833.

CHRISTIAN-
BERRY
v.
CHRISTIAN-
BERRY.

Tuesday,
May 28.

May Term,
1833.

CHRISTIAN-
BERRY
v.
CHRISTIAN-
BERRY.

would be in opposition to the settled law. We think, that so far from proof alone of the causes specified, entitling the plaintiff to a divorce, he should, not only at the time the offence charged was committed, but at the time of the application for relief, have presented himself, if not unoffending, at least unobnoxious to the penal laws of the state. Suppose the abandonment charged was caused by the conduct of the plaintiff, surely proof of the fact would defeat the application for relief. In the case of *Williamson* v. *Williamson*, 1 Johns. Ch. R. 488, the law is regarded to be settled, that, in adultery, the reception by the injured party of the offender, lapse of time, or long acquiescence without any disability to sue, is a bar to a prosecution for a divorce. Although the testimony before us is extremely vague, it may yet be inferred, if any part is properly applicable to the charge of adultery, that the commission of that offence by the defendant was known to the plaintiff, when he endeavoured to induce her to return to him. Such an effort made, with a knowledge of the fact, was a waiver of any right to relief.

The petition charges the defendant with the crime of adultery. The charge is as vague and indefinite as it could be presented. In *Codd* v. *Codd*, 2 Johns. Ch. R. 224, it is said, "that adultery should be specifically charged, as to time, place, or person, so as to enable the defendant to meet the accusation." In this case, the parties were married twenty-seven years ago, and in so serious a charge, the responsibility of sustaining her character during so long a period, is thrown upon her, if so general a charge could be regarded as sufficient. Some modification of the rule laid down in *Codd* v. *Codd*, is however presented in *Germond* v. *Germond*, 6 Johns. Ch. R. 347, in which the Chancellor, after reviewing the cases upon the point, comes to the conclusion, "that the better opinion is, that a charge of adultery need not specify the names of the persons with whom it was committed, and certainly it cannot and need not be required, if the persons are unknown when the bill is filed." Yet, it would seem, that time and place should be specifically charged. A general charge must produce surprise and inability on the part of the most vigilant, to make the necessary preparation for defence. The testimony on this point is as broad as the charge. One witness states, that it was generally understood in the neighborhood, that the defendant lived in adultery. Another says, he heard nothing against the plaintiff before the

departure and adultery of the defendant. The record shows the defendant to be a non-resident, and the witnesses are on the part of the plaintiff. Yet, to what does this testimony amount? Clearly, not to legal proof of the defendant's guilt.

May Term, 1833.

From these witnesses it also appears that the plaintiff, since he has lived in the state, has lived with a woman who has had children they suppose to be his. He then, thus living in adultery, is neither unoffending nor irresponsible to the violated laws of the state, and cannot be the subject of the relief asked.

We are therefore of opinion, that the Circuit Court was correct in dismissing the petition, and rendering judgment in favour of the defendant for costs (1).

*Per Curiam.*—The judgment is affirmed with costs.

*M. M. Ray*, for the plaintiff.

*H. Gregg*, for the defendant.

(1) See Statute 1833, p. 32, supplementary to the act in Rev. Code of 1831, respecting divorces.