——————o——————

## Armstrong *v.* Armstrong's Administrator.

DIVORCE.—PRACTICE.—To a complaint by a wife for divorce, alleging cruel treatment, the defendant answered by the general denial, and also by a cross-complaint, alleging causes of divorce against the plaintiff, upon which an issue was joined.   During the trial, the plaintiff, by leave of the court, filed an additional answer to the cross-complaint, charging the defendant with adultery, committed after the commencement of the suit. *Held,* that the answer of adultery was a good defense to the cross-petition. *Held,* also, that as evidence of the adultery was admissible under the general denial, the court committed no available error in allowing the additional answer to be filed.

CONDONATION.—Condonation is not absolute remission, but proceeds upon the idea of repentance, and is not operative where subsequent acts show that there was no repentance.

APPEAL from the *Wabash* Circuit Court.

GREGORY, J.—*Catharine Armstrong,* on the 18th day of *December,* 1862, filed her petition against *George H. Armstrong,* her husband, for a divorce, charging,. among other things, that she was married to the defendant in 1845; that about two years thereafter they moved to the county of *Wabash,* where they immediately commenced house-keeping, and had continued to reside there, until the commencement of the suit; that soon after the marriage, the defend-

ant, by his conduct, disclosed to the plaintiff that he was an ill-tempered and quarrelsome man; that for ten years, then last past, he had wholly failed to treat her with kindness and affection, but that, on the contrary, he had frequently been in the habit of quarreling with her, without any occasion, calling her insulting names, and using insulting epithets towards her, such as "old huzzy," "old bitch," and such like gross and abusive language, coupled with oaths and curses; that he had frequently, during that time, kicked, choked and beaten her, and threatened her life; that during the period last aforesaid, and especially for the then last three or four years, the defendant had refused to allow the plaintiff any privileges or control whatever over her domestic or household affairs—the defendant constantly keeping everything in the nature of provisions locked up, and keeping the keys himself; that the defendant had oftentimes, during the time last aforesaid, ordered the plaintiff to quit the house and never return; that he had refused to furnish her with proper clothing, and refused to allow her to purchase or manufacture them; that the general conduct of defendant towards her, for two or three years last past, had been such that she had not been able to enjoy any peace or quiet, and that to avoid the constant harsh and brutal treatment of the defendant, she left her house, about the middle of *November* then last past.

On the 12th of *March*, 1863, the defendant answered: 1. By the general denial. 2. By way of cross-petition, alleging causes of divorce against the plaintiff. The plaintiff answered the cross-petition by the general denial. The issues thus formed were, at the *September* term, 1863, submitted to the court. During the trial, the plaintiff, by leave of the court, over the objection of the defendant, filed an additional paragraph to her answer to the cross-petition, in which she charged that for the last seven months the defendant had entertained and kept at his house a certain woman, named; that the defendant committed adultery with her, at the house of defendant, in the said county

of *Wabash*, about the first of *February*, 1863, and at divers other times, at the same place, during said month of *February* and the succeeding month of *March*.

The defendant demurred to this amended paragraph of the answer to the cross-petition, but the court overruled the demurrer.

The court found for the petitioner on her petition, and against the defendant on his cross-petition, and gave the plaintiff alimony and the custody of some of the children, based upon allegations in her petition not necessary to be noticed in this opinion. The evidence is not in the record. It is claimed that the court below erred in allowing the plaintiff to amend her answer to the cross-petition, during the trial. The code provides that the court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, allow any material allegation to be inserted, struck out, or modified, to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense. 2 G. & H., § 99, p. 118.

The adultery set up in the answer to the cross-petition took place after the filing of the plaintiff's petition, but before the filing of the cross-petition. It was a good defense to the defendant's cross-petition. *Christianberry* v. *Christianberry*, 3 Blackf. 202. And we think it might have been given in evidence under the general denial. It was for the defendant to show, under his cross-petition, that his conduct had been such as entitled him to the relief he sought; any proof tending to show the reverse of this, was proper evidence under the general denial. The court committed no available error in allowing the amendment, or in overruling the demurrer.

It is claimed that the plaintiff's petition does not state facts sufficient to entitle her to a divorce. We think otherwise. The fourth cause for divorce, under the statute on that subject, is "cruel treatment of either party by the other." 2 G. & H., § 7, cl. 4, p. 351. It is urged that

the facts stated in the plaintiff's petition show that the acts of cruelty of the husband towards the wife had been condoned; that her continuing to live with him for the period of ten years after the acts of cruelty commenced, makes a case of condonation. But it must be remembered that condonation is not absolute remission, but proceeds on the idea of repentance having sprung up in the mind of the delinquent. It is not operative in a case where subsequent facts show no repentance to have existed. 2 Bishop on Mar. & Div., § 53, (4th ed.) We think, in the case in judgment, that the facts averred in the petition sufficiently show that no condonation ever took place.

The judgment is affirmed, with costs.

*J. U. Pettit* and *T. T. Weir*, for appellant.

*J. D. Conner*, for appellee.