## BURNS v. BURNS.

DIVORCE.—*Not Granted During Cohabitation.—Pleading.—Evidence.*—A divorce should not be granted between a husband and wife who continue to cohabit; and separation must be alleged in the complaint and proved on the trial.

SAME.—*Condonation.—Presumption.*—Cohabitation will be inferred from the living together of husband and wife; and condonation will be inferred from cohabitation, where the contrary does not appear.

From the Jefferson Circuit Court.

*D. V. Burns* and *H. Burns*, for appellant.

*W. T. Friedley*, for appellee.

PERKINS, J.—Suit by Mildred A. Burns, against Miles S. Burns, her husband, for divorce.

The complaint charges cruel treatment, failure to provide support, and habitual drunkenness, as the causes for which she asks the divorce. This latter charge, we may observe, was not proved on the trial. The complaint does not aver, that the plaintiff had left her husband, nor was there any evidence on the trial tending to show that she

had done so, but, on the contrary, while there is no evi-
dence directly to the point, enough appears incident-
ally to raise the inference that she still dwells with him.

The question therefore arises at the threshold of
our investigation of this case: Can a wife, still continuing·
to· live with her husband as his wife, maintain an action
against him for a divorce?

The statute is silent on this point. It must therefore
be determined upon some general legal principle or prin-
ciples.

As a general legal proposition, it may be asserted, that,.
condonation of the offence, or wrong, which might bc a
cause of divorce, will bar a suit by the condoning party
for a divorce, on account of such offence.

Condonation may be inferred, from the facts of living
and cohabiting, by the injured party, with the offender,
after knowledge of the commission of the offence. Co-
habitation will be inferred, nothing ·appearing to the con-
trary, from the fact of the living together of husband and
wife. We use the terms "cohabit" and "cohabitation"
as implying sexual intercourse.

In case of adultery or fornication, the husband and
wife may live together and cohabit, after the commis-
sion of the offence, in ignorance, by the injured party,
of the fact of its commission. But in cases of cruel
treatment and failure to provide, of which the present is
one, the knowledge of the commission of the offence or
offences, by the injured party, is necessarily coexistent
with the commission of the injury, because it operates, or
is inflicted, directly upon her or his own person. Hence,
a continuous living and cohabiting with the offender
must, *prima facie* at all events, be accompanied with .or
by a succession of condonations, while such living and
cohabiting continue. On this ground, it is said in
Bishop on Marriage and Divorce: "A plaintiff can not
continue the matrimonial intercourse during the pendency

of a suit, without its working a condonation." 2 Bishop, book 8, ch. 4, sec. 40. He cites the authorities.

We arrive at the conclusion, therefore, that a complaint for a divorce should allege the separation of the parties, and that the fact should be proved on the trial. The complaints, in the better precedents in the courts of this State, contain the allegation of separation, and it has been said that they are some evidence of the law. We cite, as examples, *Ritter* v. *Ritter*, 5 Blackf. 81; *Tefft* v. *Tefft*, 35 Ind. 44; *Christianberry* v. *Christianberry*, 3 Blackf. 202; *Armstrong* v. *Armstrong's Adm'r*, 27 Ind. 186. See, on this subject, 5 Am. L. Reg. N. S. 641.

The question, whether there was actual condonation, will be determined by the evidence on the trial.

The judgment is reversed, with costs, and cause remanded for further proceedings, in accordance with this opinion.