No. 9208.

## PORTER ET AL. *v.* MITCHELL ET AL.

ACTION TO QUIET TITLE.—*Answer.*—*Tax Title.*—In an action to quiet title, an answer that the defendant has purchased the property for taxes duly assessed upon it, and claims no other interest, is sufficient on demurrer.

Porter *et al. v.* Mitchell *et al.*

SAME.—*Reply.*—*General Denial.*—In such action, an answer that the defend-
ant owns a part of the land in fee, and disclaims any interest in the res-
idue, and denies that he ever claimed it, is sufficient as an answer in de-
nial; such answer closed the issues, and there was, therefore, no error in
sustaining a demurrer to special paragraphs of a reply to such answer.

SAME.—*Counter-Claim.*—*Practice.*—The fact that such answer contained a
prayer for affirmative relief does not render it a counter-claim; but if
regarded as a counter-claim, the reply must be regarded as answer, and
as the general denial was filed, under which all defences were admissible,
there was no error in sustaining a demurrer to a special paragraph of
reply to the answer.

From the Montgomery Circuit Court.

*E. C. Snyder*, for appellants.

*M. W. Bruner*, for appellees.

BEST, C.—This action was brought by the appellants against
the appellees to quiet their title to a part of lots 9 and 10 in the
original plat of the city of Crawfordsville, Indiana. The
complaint averred that the appellants were the owners in fee
of the property, describing it, and that the appellees " claim
and pretend to have a paramount title by virtue of a sale of
the same for taxes " under a foreclosure sale upon certain
mortgages executed to the school fund.

The appellees filed separate answers. Each answer con-
sisted of two paragraphs, the first a general denial and the
other special.

By the second paragraph of William J. Mitchell's an-
swer, he averred that he owned a part of the lots described in
the complaint, specifically describing the portion alleged to
be owned by him, and disclaimed any interest in the residue
of the property, averring that he never had claimed any
interest therein.

By the second paragraph of the answer of Jemima Lam-
bert, it was averred that the taxes for the years 1878 and
1879, upon said property, became delinquent and remained
unpaid; that the treasurer of Montgomery county, on the
2d Monday of February, 1880, duly offered said premises for
sale for the payment of such taxes, interest, penalty and costs,

but the same failed to sell for want of bidders; that after-
ward and on the 30th day of March, 1880, the appellee Lam-
bert applied to the auditor of said county, to purchase said
premises for such taxes, and paid to the treasurer of said
county $99.04, the amount for which said premises should
have been sold, with interest at ten per cent. thereon; that
said auditor issued to her a certificate of purchase which she
still owns.    It was also averred that the treasurer of the city
of Crawfordsville sold said premises to the appellee Lambert
for $68.17, that being the amount of taxes, interest, costs and
penalty due said city upon said property for the years 1876,
1877, 1878 and 1879; that said taxes were delinquent for
some years and remained unpaid; that she paid said sum
over to said treasurer, received a certificate of purchase which
she still owns, and that she claims no other interest in said
property.

Demurrers for the want of facts were overruled to these
paragraphs and exceptions reserved.

A reply in two paragraphs was filed to the second para-
graph of the answer of Jemima Lambert, and a reply of five
paragraphs was filed to the second paragraph of the answer
of William J. Mitchell.

The third paragraph of the reply averred that the appellee
Mitchell had no title to the property described in the answer
other than such as he acquired from Jemima Lambert, and
that she had none other than such as she acquired by the vol-
untary payment of taxes on said property, and by the purchase
of the same from the auditor of said county upon nine mort-
gages executed to the school fund; that said mortgages were
executed in 1856, matured four years after date, with interest
till due at seven per cent.; that interest for four years and
eight months was unpaid at the time of sale, and was, during
said time computed at seven per cent.; that the auditor sold it
for $536.02, when only $519.18 was due upon said mortgages.

The fourth paragraph averred the same facts as the third,
except that the auditor sold the property for more than was

due upon the mortgages, but in lieu thereof it was averred that the mortgage provided that if default should be made the mortgagor should pay the loan, with interest and two per cent. damages, and that the auditor added to the amount due two per cent. damages, which was more than the actual damages sustained.

The fifth paragraph of the reply averred that the appellee Mitchell had no title other than such as was acquired through a sale made by the auditor of Montgomery county upon nine mortgages executed to the school fund in June, 1856, and that said mortgages were void for the reason that the sum secured by them exceeded $300.

A demurrer was sustained to each of these paragraphs, a trial had and final judgment rendered for the appellee.

The following errors are assigned in this court:

" 1st. The court erred in overruling the demurrer to the second paragraph of Jemima Lambert's answer.

" 2d. The court erred in overruling the demurrer to the second paragraph of William J. Mitchell's answer.

" 3d. The court erred in sustaining the demurrer to the third, fourth and fifth paragraphs of the reply."

The second paragraph of the separate answer of Jemima Lambert disclaimed any interest in the property other than such as she acquired by purchase of the property at private sale for delinquent taxes, pursuant to the act for the assessment of taxes. Sections 247 and 248, 1 R. S. 1876, p. 127.

As against this claim the appellants were not entitled to have their title quieted, and, therefore, there was no error in overruling the demurrer to this paragraph of the answer.

The second paragraph of the separate answer of William J. Mitchell alleged that he was the owner of a part of the property described in the complaint, disclaimed any interest in the residue, and denied that he had claimed it.

This answer was good. It disclaimed any interest in a portion of the property, denied that the appellee had ever made any claim to such portion, and denied that the appellants owned

the residue, by affirming that the appellee himself owned it. This was in effect a denial, precisely as an answer of property in the defendant or in a stranger, in a replevin suit, is a denial of property in the plaintiff. *Landers* v. *George*, 40 Ind. 160; *Thompson* v. *Sweetser*, 43 Ind. 312.

This paragraph was sufficient, and the court did not err in overruling the demurrer to it.

Nor did the court err in sustaining the demurrer to the third, fourth and fifth paragraphs of the reply. The paragraph of the answer to which they were pleaded being a denial, the issue was complete without a reply. *Riddle* v. *Parke*, 12 Ind. 89; *Uhl* v. *Harvey*, 78 Ind. 26.

The answer terminated the pleadings. The reply was unnecessary and unauthorized. The matters averred in it could be proved without replying them, and for this reason the demurrer was properly sustained to them.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

### ON PETITION FOR A REHEARING.

BEST, C.—The appellants insist that a rehearing should be granted because the court misconceived the character of the second paragraph of William J. Mitchell's pleading. They say it was a counter-claim, and not an answer, because affirmative relief was demanded. It concluded with the following prayer: "Wherefore he demands judgment against plaintiffs for his costs, and that his title be quieted in said real estate in his answer described." The record describes it as an answer; the appellants demurred to it as an answer; they replied to it as an answer; they assign error upon it as an answer; they insisted in their original brief that it was bad as an answer, and we have no doubt that it was in fact an answer. If not, the result must be the same. It is conceded that it was good as

a counter-claim. If it was a counter-claim, the reply was an answer. The first paragraph was a general denial, and under it all defences, legal or equitable, could have been given in evidence. *Graham* v. *Graham,* 55 Ind. 23.

As all defences were admissible under the general denial, no error was committed in sustaining the demurrer to the remaining paragraphs, though each of them were good. *Patterson* v. *Lord,* 47 Ind. 203; *Smith* v. *Denman,* 48 Ind. 65; *Milner* v. *Hyland,* 77 Ind. 458.

Whether the pleading is to be regarded as an answer in denial, or as a counter-claim, it follows that no error was committed in sustaining the demurrer to the subsequent pleadings, and, therefore, the petition should be overruled.

Per Curiam.—The petition is overruled.