Mattill v. Baas.

No. 9521.

MATTILL v. BAAS.

MARRIED WOMAN. — *Fraudulent Conveyance.* — *Judicial Sale of Husband's Lands.—Bankruptcy.*—A wife joined her husband in a conveyance to S. of his lands to defraud his creditors, and the husband was afterwards adjudged a bankrupt. The assignee brought a suit against S. to set aside the fraudulent conveyance, which was compromised by S. conveying the lands by quitclaim to the assignee, who afterwards sold and conveyed the same as part of the bankrupt's estate.

*Held,* that the wife, by virtue of section 2508, R. S. 1881, was entitled to one-third of the lands in fee simple.

From the Superior Court of Marion County.

*J. E. McDonald* and *J. M. Butler,* for appellant.

*A. G. Howe* and *V. Carter,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant for partition of real estate. Issue was made, trial by the court, finding and judgment for the appellee.

The appellee alleges in her complaint, that at the time of its filing, and for ten years prior thereto, she was and had been the wife of Henry Baas; that her said husband, on June 5th, 1877, filed his petition in bankruptcy; that J. M. Bradshaw was appointed assignee; that on July 9th, 1877, the register in bankruptcy assigned and conveyed all of Baas' estate to the assignee; that, at the time of filing his petition to be adjudged a bankrupt, Baas owned lots 6 and 7, more particularly described, in the city of Indianapolis; that on January 29th, 1878, under special order of the court, the assignee sold and conveyed in fee simple said lots to the appellant for $4,000; that at the time of such sale and conveyance said lots were a part of the estate of Baas; that said sale was a judicial sale; that the appellee owns the undivided one-third of said lots; and that before bringing suit she demanded her said interest in said lots from the appellant, but that her demand was refused.

The appellant answered, averring that on May 19th, 1877, before Baas filed his petition in bankruptcy, he, said Baas,

conveyed by warranty deed, his wife, the appellee, joining therein, said lots to Philip Sparcke; that Sparcke, unmarried, on November 29th, 1877, conveyed said lots by quitclaim deed to Bradshaw, the assignee in bankruptcy; and that the latter, by assignee's deed, on January 29th, 1878, conveyed the same to the appellant.

The appellee replied by the general denial, and also by a second paragraph, that the deed from Baas and the appellee to Sparcke was executed in fraud of the bankrupt act, and to defraud Baas' creditors; that on September 22d, 1877, the assignee filed his complaint against Sparcke in the court in which the bankruptcy proceedings were pending, for the purpose of setting aside said fraudulent conveyance; that issues thereon were made, but that Sparcke, knowing that he could not hold the property, agreed by compromise to convey, and did convey, it to the assignee by quitclaim deed, as part of the property of Baas; that the court thereupon approved said compromise, adjudged said property to belong to the estate of Baas, and that the same was afterwards sold and conveyed by the assignee to the appellant as part of the estate of Baas.

The appellant's demurrer to the second paragraph of the reply was overruled, and an exception reserved. The court, at the request of the appellant, found the facts and conclusions of law specially. The facts as found by the court are substantially the same as those alleged in the pleadings.

The following were the conclusions of law on the facts as found by the court:

"1st. That the said conveyance by said Henry Baas to said Philip Sparcke was in fraud of the bankrupt act hereinbefore mentioned.

"2d. That making and performance of the compromise agreement hereinbefore mentioned amounted in legal effect to a rescission of the said conveyance by said Henry Baas to said Sparcke as fully to all intents and purposes as if the said Henry Baas and said Sparcke had rescinded the same before the bankruptcy of said Baas, and as fully as if the said United

States District Court had rendered a decree finding the allegation of the bill of said assignee to be true, and had decreed the relief prayed for.

" 3d. That such being the legal effect of said compromise agreement, the plaintiff is entitled to all the rights which she would have had if her said husband, Henry Baas, had never executed said conveyance to said Sparcke.

" 4th. That plaintiff is entitled to partition as prayed."

[Signed]    " DANIEL WAIT HOWE, Judge."

The appellant excepted to each of the above conclusions of law. The overruling of the appellant's demurrer to the second paragraph of the appellee's reply, and the said several conclusions of law are the alleged errors complained of.

The appellee bases her right to recover one-third of the lots in controversy upon section 1 of the act of March 11th, 1875, being section 2508, R. S. 1881, which is as follows:

" In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

The above act, as has been decided by this court, should be liberally construed for the purpose of carrying out the intention of the Legislature in its enactment. In *Roberts* v. *Shroyer*, 68 Ind. 64, it was held that the conveyance of the bankrupt's

property by the register to the assignee in bankruptcy was a judicial sale, within the meaning of the statute, and that such sale made absolute the wife's inchoate interest in lands of her husband.

The point in controversy in this case is whether the appellee, by joining with her husband in the fraudulent conveyance to Sparcke before the filing of the petition in bankruptcy, is thereby estopped from asserting title to one-third of the lots. It is claimed by the appellant that at the time of the conveyance of the bankrupt's property by the register to the assignee, the appellee, by the conveyance to Sparcke, had no inchoate interest in the land to become vested in her. It is true, as claimed for the appellant, that a fraudulent conveyance, as between the parties thereto, is valid. Neither party is permitted to question its legality. By the statute of this State, as well as by the bankrupt law in force when the conveyance to Sparcke was executed, conveyances of real estate made to defraud creditors were void *as to creditors*. Sec. 4915, R. S. 1881.

Under the averments of the appellee's second paragraph of reply, and the facts found specially by the court, the conveyance to Sparcke, having been made to defraud Baas's creditors, was, as to such creditors, void, and conveyed no title. When the register conveyed Baas's property to the assignee, to be disposed of for the benefit of creditors, such conveyance to the assignee, as to such creditors, carried to the assignee the title to the lots in controversy just the same as if the previous conveyance to Sparcke had not been made. And when the assignee, in compromise of the action brought to avoid the fraudulent conveyance, procured from Sparcke the quitclaim deed, he obtained thereby no title whatever, because Sparcke held no title as against Baas's creditors. The conveyance from Sparcke to the assignee served the purpose only of removing a cloud from a title which was already perfect in the assignee by the conveyance from the register. We think it is clear that the appellant's title is derived from Baas through the *register's* deed to the assignee, and not from Baas,

through *his* conveyance to Sparcke and the deed of the latter to the assignee. The creditors of the bankrupt elected to treat the conveyance to Sparcke as void. Neither they, nor those claiming title through the proceedings in bankruptcy, can now be heard to say that that conveyance was valid for any purpose. It was void as to them for the purpose of putting the bankrupt's property beyond their reach. So, also, it was void as to them as affecting the inchoate interest of the wife. As to creditors, it neither benefited the husband nor prejudiced the wife. In all respects, as between the bankrupt and his wife upon one side, and the creditors upon the other, the conveyance to Sparcke is to be regarded as though it had not been made.

These views are sustained by the authorities. In *State Bank* v. *Davis*, 4 Ind. 653, the relations of a fraudulent grantor with respect to his creditors and his grantee are shown to be quite different. As to the former the conveyance is void; as to the latter he is estopped from questioning its validity. *Ketchum* v. *Schicketanz*, 73 Ind. 137, was very similar to the case at bar. In that case the plaintiff's husband had purchased real estate at sheriff's sale, and, to defraud creditors, had assigned the certificate of purchase to his son, who received a sheriff's deed. On his own petition he was afterwards adjudged a bankrupt, and by proper judicial proceedings the assignment and transfer of the real estate to the son were decreed to be fraudulent and void, and the property, on the order of court, was conveyed by the register to the assignee, and sold by the latter to the defendant. The plaintiff's title to one-third of the land being denied by the defendant, the court, in the opinion in that case, says: " The only title which the defendant asserts to the lots came to him from the bankrupt, through the proceedings in bankruptcy, and he ought not to be heard to say, for the purpose of defeating the plaintiff's claim, that the bankrupt had no title to those lots when he was adjudged a bankrupt."

In *Lowry* v. *Fisher*, 2 Bush (Ky.) 70, and *Dugan* v. *Massey*,

6 Bush, 81, it was held that the surviving wife of a grantor in a fraudulent deed, she having joined in it, is not, when it is set aside at the instance of creditors, barred of her right of dower as against the creditors or the purchasers under a judgment subjecting the lands to their debts. To the same effect are *Richardson* v. *Wyman*, 62 Maine, 280 ; S. C., 16 Am. R. 459 ; *Summers* v. *Babb*, 13 Ill. 483 ; *Malloney* v. *Horan*, 49 N. Y. 111 ; S. C., 10 Am. R. 335. And as showing that a fraudulent grantor, as to creditors, has the same rights in his property after the conveyance is set aside at their instance as he would have, had such conveyance not been made, the following cases are referred to : *Sears* v. *Hanks*, 14 Ohio St. 298 ; *Ridgway* v. *Masting*, 23 Ohio St. 294 (13 Am. R. 251).

The court below did not, in our opinion, err in overruling the appellant's demurrer to the second paragraph of the appellee's reply, nor in its conclusions of law.

Judgment affirmed, at the appellant's costs.