Ragsdale *et al. v.* Mitchell.

Filed Oct. 9, 1884.

---

*No. 11,581.

### RAGSDALE ET AL. *v.* MITCHELL.

QUIETING TITLE.—*Complaint.*—A complaint to quiet title which states the specific facts upon which plaintiff's title rests, and thereby discloses that the defendant has an interest, is bad on demurrer, though it be also alleged generally that the plaintiff "holds the land in law and equity discharged of and free from all claims and liens of" the defendant.

SAME.—*Statement of Title.*—Where a pleader specifically describes the title upon which the right to recover is based, he must recover on the title described, and the specific description of title can not be controlled by a conclusion of law.

SAME.—*Bankruptcy.— Wife's Interest.—Judicial Sale.*—A complaint against the wife of a bankrupt to quiet title, which shows a sale of lands of the bankrupt to the plaintiff by order of the bankruptcy court to satisfy liens thereon, the wife not being a party to the order of sale, shows that the wife has an interest in the lands, and is, therefore, bad.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson* and *S. D. Luckett,* for appellants.

*M. F. Dunn* and *G. G. Dunn,* for appellee.

Ragsdale *et al. v.* Mitchell.

ELLIOTT, C. J.—The appellee's complaint alleges that he purchased at public sale certain lands; that the sale was made by Davis Harrison, assignee of William Ragsdale, bankrupt; that under the order of the United States Circuit Court the money was to be applied, first, upon the debt of the North-Western Mutual Insurance Company as a prior lien; and, secondly, upon the debt of the appellee, whose claim had been declared a preferred lien, on the ground that it was for the purchase-money of the land; that the amount of the preferred liens named was $16,000, and that the land sold for $12,000, leaving unpaid a part of the appellee's debt. It is further alleged that the " plaintiff now holds the land in law and equity discharged of and free from all claims and liens of said Ragsdale and wife," and that the wife claims an inchoate interest in the land.

The title of the appellee is specifically described, and as he can only recover according to the allegations of his pleading, he must recover upon the title pleaded. It may not be necessary to specifically describe a title, but when the pleader does describe one title, and does describe it specifically as the only title upon which he relies, his recovery must be had upon his title as laid. Stephen Pl. 304; Sedg. & Wait Trial of Title, section 343. According to the statements of the complaint, the title which the plaintiff purchased was such, and such only, as the sale and conveyance by the assignee could transfer, and if this title is sufficient to cut off the rights of the wife, then the complaint is good, otherwise it is not; for as this is the title specifically described and exclusively relied on, the recovery must be had upon that or not at all.

A conclusion of law thrown into a complaint can not control the specific statements of facts; nor can a conclusion from facts stated in general terms control; on the contrary, the specific statement rules the pleading. *Reynolds* v. *Copeland*, 71 Ind. 422; *Richardson* v. *Snider*, 72 Ind. 425 (37 Am. R. 168); *State* v. *Wenzel*, 77 Ind. 428, *vide* authorities, p. 430;

*McMahan* v. *Newcomer*, 82 Ind. 565; *Keepfer* v. *Force*, 86 Ind. 81; *Petty* v. *Trustees, etc.*, 95 Ind. 278.

The statement that the appellee holds " the land in law and equity discharged of and free from all claims and liens of said Ragsdale and wife," is a mere general conclusion of law, and does not exert a controlling influence upon the pleading. *Mescall* v. *Tully*, 91 Ind. 96; *Platter* v. *City of Seymour*, 86 Ind. 323; *Boyd* v. *Olvey*, 82 Ind. 294; *Kimble* v. *Christie*, 55 Ind. 140.

The facts pleaded do not show that the appellee has a right to hold the land free from all claims of the appellants. The rights of Mrs. Ragsdale were not divested by the sale made by the assignee of her husband; on the contrary, that sale vested in her the right in the land cast upon her by the statute as the wife of the bankrupt. *Roberts* v. *Shroyer*, 68 Ind. 64; *Jackman* v. *Nowling*, 69 Ind. 188; *Ketchum* v. *Schicketanz*, 73 Ind. 137; *McCracken* v. *Kuhn*, 73 Ind. 149; *Haggerty* v. *Byrne*, 75 Ind. 499; *Leary* v. *Shaffer*, 79 Ind. 567, *vide* p. 570; *Keck* v. *Noble*, 86 Ind. 1; *Mattill* v. *Baas*, 89 Ind. 220. The appellee could not and did not acquire a title superior to that of Mrs. Ragsdale by the sale made by the assignee, and, therefore, can not divest her of all right and interest by force of the title derived from that source. All that the conveyance of the assignee transferred was the title of the husband; it did not carry that of the wife.

The judgment of the United States Court, ordering the sale of the property and directing how the proceeds should be distributed, did not destroy the rights of Mrs. Ragsdale, for the very plain reason that she was not a party to the proceeding. We suppose it to be perfectly clear that the rights of a wife are not affected by a judgment rendered in a suit to which she was not a party.

We have shown that the sale made by the assignee of the husband did not divest her title, and have also shown that her rights were not impaired by the judgment of the Federal Court; she has, therefore, still some title to the land. As she

has, as appears from the facts pleaded, title to the estate she claimed, it is difficult to perceive any ground upon which the action can be maintained.    It is not necessary to decide what her title or interest is; it is enough to defeat such an action as this to show that she has some title.    It can not be possible that title can be quieted upon a complaint showing on its face that the defendants have an interest in the land, since this would be to vest all title in the plaintiff, although it appears that the defendant has also some interest in the land which he has a right to have preserved and protected.

The action to quiet title provided by the statute is an extension of the equity doctrine, which settled titles under a proceeding called a bill of peace.    *Curtis* v. *Suteer*, 15 Cal. 259; *Green* v. *Glynn*, 71 Ind. 336.    Under the equity rule, a bill of peace would lie only where the complainant was in possession; but under the statute an action may be maintained by an owner whether in or out of possession.    The object of the action given by the statute is substantially the same as that of a bill of peace, namely, to settle the title of the plaintiff and clear it from all claims of the defendant.    It is obvious that the purpose of the statute is to enable the parties to settle, in one comprehensive action, all conflicting claims, and thus secure repose, but it is equally plain that a defendant, who has a just claim, can not be deprived of it.    *Porter* v. *Mitchell*, 82 Ind. 214.    From the facts stated in the complaint, this appears to be the end sought to be attained by the appellee, for he shows a rightful title in the defendants, and yet asks that it may be destroyed.    It is very clear that no principle of law or equity can be found which will sustain the appellee's complaint.

It may be that Mrs. Ragsdale has only a mere equity of redemption as against the vendor's lien and the mortgage which she executed.    *Vermillion* v. *Nelson*, 87 Ind. 194; *Kissel* v. *Eaton*, 64 Ind. 248.    But even if she has no greater right than this, she is still entitled to have it preserved; it can not be cut off by an action to quiet title.    An action to

quiet title does not merely settle title so far as to invest the plaintiff with possession. It does much more than this when successfully prosecuted; it sweeps away all claims and liens which impair the complainant's title. If Mrs. Ragsdale has any estate whatever in the land, it can not be swept away from her.

The question presented by the complaint is, not whether an action to compel the appellants to redeem can be maintained, but whether the facts pleaded are such as entitle the appellee to a decree divesting her of all her rights, for this would be the effect of a decree in such a case as this. The effect of a decree in an action to quiet title is to free the land from all claims of the defendant, and it is a conclusive adjudication upon all conflicting claims to the land. *Green* v. *Glynn, supra; Hays* v. *Carr,* 83 Ind. 275; *Ulrich* v. *Drischell,* 88 Ind. 354, vide p. 360; *Cooter* v. *Barton,* 89 Ind. 185, *vide* auth. p. 186; *Stumph* v. *Reger,* 92 Ind. 286. The facts stated in the complaint show that the appellee is not entitled to such a decree, for they show that Mrs. Ragsdale has a claim which he has no right to take from her.

If it appeared that the vendor's lien or the mortgage had been foreclosed against the appellants, then a very different question would be presented, but this does not appear. The case made comes to this: The complaint states facts showing a just claim of the wife subject to a vendor's lien and a mortgage, and, showing this, yet asks the court to deprive her of that claim by quieting title in the appellee. The action is not to mark out and define the rights of the defendants, but to cut them out of all interest in the land. The question is, not whether the appellee might have a decree in a proper case defining the extent of his estate and marking out that of the appellants, but the question is whether his complaint states facts showing a right to a decree quieting title.

Judgment reversed with instructions to sustain the demurrer to the complaint.

Filed Oct. 8, 1884.