No. 12,659.

## WINSTANDLEY v. RARIDEN ET AL.

PLEADING.—*Demurrer.—Conclusions.*—A demurrer admits as true all that is well pleaded, but it does not admit conclusions of law stated by the pleader.

PROMISSORY NOTE.—*Consideration.—Purchase of Land.—Deed.—Possession. —Assignee in Bankruptcy.—Pleading Conclusions.*—To a complaint on promissory notes, taken by the plaintiff after maturity by assignment from an assignee in bankruptcy, it was answered that the consideration for the notes was the purchase of certain land, a deed and possession thereunder; that the land was sold to the defendant by the assignee in bankruptcy; that by the terms of the sale the defendant was to have a deed from such assignee and possession thereunder, neither of which he had received, although demanded, and that the land is held adversely to him; that the bankruptcy proceedings have been closed, and the assignee discharged from his trust; and that the notes in suit are the only notes given for the land.

*Held*, that the answer is not sufficient on demurrer for want of facts.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

*W. II. Martin*, for appellees.

ZOLLARS, J.—In 1874, appellee Rariden, as principal, and the other appellees, as his sureties, executed notes to Davis Harrison, assignee. After their maturity, they were assigned by Harrison, assignee, to appellant. He instituted this action to recover a judgment against appellees, for the amount of the notes.

The court below overruled appellant's demurrer to the third and fourth paragraphs of appellees' answer, and sustained a demurrer to the second paragraph of appellant's reply to those paragraphs of answer.

The substance of the third paragraph of answer is, that the sole consideration for the notes was the purchase of an eighth interest in land, which is described, by appellee Rariden; "that, by the terms of said purchase, the defendant Rariden was entitled to a deed for said land, and to the possession thereof;" that he has often requested and de-

manded a deed for the land, and the possession thereof; that neither a deed nor the possession of the land has ever been given or tendered to him; that the land is held adversely, and that the notes in suit are the only unpaid notes given upon the purchase.

This plea is clearly bad. It is averred therein, that the consideration for the notes was the purchase of an interest in a certain tract of land. From whom the land was purchased, is not stated. It is not a necessary inference that it was purchased from Harrison, the payee of the notes.

It is averred also, that Rariden has requested and demanded a deed for the land, and the possession thereof, and that he has received neither; but of whom the request and demand were made, or of whom they ought to have been made, is not stated.

The averments, "that, by the terms of said purchase, the defendant Rariden was entitled to a deed for said land, and to the possession thereof," are mere conclusions of law. Facts, and not conclusions of law, must be pleaded.

A demurrer admits as true what is well pleaded, but it does not admit as true conclusions stated by the pleader. *Ragsdale* v. *Mitchell*, 97 Ind. 458, and cases there cited.

It may be, that under the agreement in relation to the purchase, Rariden was entitled to a deed for the land, and to the possession thereof; and it may be, that he was entitled to neither. If the agreement were set out, it might be determined as a matter of law, that he was so entitled to a deed and to the possession.

About the only thing stated in the plea with sufficient certainty is, that the sole consideration for the notes was the purchase of an interest in a piece of land. That does not constitute a defence to the action upon the notes.

The substance of the fourth paragraph of the answer is, that the consideration for the notes was the purchase of an eighth interest in a piece of land, describing it, a deed for, and the possession of said land; that the land was sold by

Harrison, as the assignee in bankruptcy of one William Rags-
dale, and purchased by Rariden; "that, by the terms of said
sale, said Rariden was to have a deed from said Harrison as
such assignee, and possession of said land under said deed;"
that no deed has ever been made or tendered to him by Harri-
son, by appellant, or by any one else, although he had demanded
a deed from both Harrison and appellant; that neither appel-
lant, nor any one for him, has ever put him, Rariden, in pos-
session of the land; that it is held adversely to him; that
soon after the execution of the notes, without making or ten-
dering a deed, Harrison procured his discharge as such as-
signee, "and the said cause in bankruptcy was ended with-
out a deed being made or tendered;" that Harrison, having
been discharged, can not now make a deed, and that the notes
in suit are the only notes given for the land.

The allegations that the deed for, and the possession of, the
land, were the only consideration for the notes, are depend-
ent upon the averments, "that, by the terms of said sale, said
Rariden was to have a deed from said Harrison as such
assignee, and possession of said land under said deed."

These averments, like the similar averments in the third
paragraph, are conclusions of law, and not the statement of
facts, and, therefore, the demurrer does not admit that the
giving of a deed and possession by the assignee were condi-
tions precedent to, or concurrent with, the payment of the
notes, or any of them.

If, as attempted to be pleaded, the giving of the deed and
the possession of the land were acts to be performed before
or at the time of the payment of the notes, such payment
can not be coerced until those conditions are performed, or a
tender of such deed and possession is made. *Henton* v.
*Beeler*, 7 Blackf. 150.

The cases cited by appellant, holding that a deed need not
precede the payment of the purchase-money, or be given or
tendered at the time such payment is demanded, are cases

arising under statutes which require full payment of the pur-chase-money before the making and delivery of a deed.

Here, as we have seen, no special agreement is sufficiently pleaded, nor is it shown, either by the answer or the reply, whether or not the land was sold under any special order of the United States District Court, the court having jurisdiction in bankruptcy proceedings. The pleadings by both parties ought to set out more particularly the terms and conditions of the sale of the land by the assignee to Rariden, so that the court may intelligently apply the law.

In the state of the pleadings we need not undertake to determine what the ultimate rights of the parties may be. We may say, however, that the title to the land will not nec-essarily fail because the assignee was discharged without having made a deed. If all else was regular, the United States District Court, doubtless, might yet appoint a commis-sioner to convey the legal title.

Judgment reversed, with costs, with instructions to the court below to sustain appellant's demurrer to the third and fourth paragraphs of the answer.

Filed March 18, 1887.