# Hays v. Hays.

[No. 6,060. Filed November 1, 1907.]

1. PLEADING.—*Complaint.—Divorce.—Construction.*—A petition for
a divorce is to be construed like the complaint in an ordinary
civil action—liberally as to form, and strictly as to facts, and
the specific allegations to control the general. p. 472.
2. SAME.—*Demurrer.—What it Admits.*—A demurrer admits only
the issuable facts alleged in a pleading. p. 473.
3. SAME.—*Complaint.—Divorce.—Separation.*—A petition for a
divorce alleging that "the plaintiff and defendant were married
on June 11, 1875, and continued to live together as husband and
wife until November 17, 1904, when the defendant, by a continu-
ous and systematic course of abuse, which had been kept up for
more than five years, drove this plaintiff from home," does not
sufficiently allege a separation. p. 473.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Petition for divorce by Albert H. Hays against Annie J. Hays. From a decree for plaintiff, defendant appeals. *Reversed.*

*East & East*, for appellant.
*Miers & Corr*, for appellee.

RABB, J.—Appellee sued appellant for divorce. Appellant's demurrer to the complaint was overruled, answer filed, trial, finding and decree in favor of appellee for a divorce.

The record here properly presents the question as to the sufficiency of the complaint to withstand a demurrer. The complaint avers that the parties were married on June 11, 1875, and continued to live together as husband and wife until November 17, 1904, "when the defendant, by a continuous and systematic course of abuse, which had been kept up for more than five years, drove this plaintiff from home; that she was cruel and inhuman in her treatment of plaintiff in this, that she, on September —, 1904, and on divers other occasions, struck and slapped him in the face and on the head, and kicked him, and on said occasion, as well as many other times, scolded and abused him, quarreled with him, and called him all kinds of hard names, and on September —, 1904, unjustly and cruelly accused him of adultery with ————, and many other women, without cause, and on said occasion, and divers others, defendant threatened to kill this plaintiff, and threatened to poison him, and called him all kinds of vile names, and made life miserable."

The statute requires that a petition for divorce shall specify the causes therefor with certainty to a common intent. The code requires that the complaint in a civil

1. action shall contain a statement of the facts constituting the cause of action, in plain and concise language, without repetition, in such manner as to enable a person of common understanding to know what is intended. These statutory rules, while not couched in the same lan-

guage, have the same meaning. 6 Ency. Pl. and Pr., 249, 250, and cases cited. And there is certainly no reason why a more lax rule of construction should be applied by the courts in construing petitions for divorce than those that apply in construing a complaint in an.ordinary civil action. Courts are guided by the same rules of construction in both classes of cases. The petition in a divorce case, as the complaint in a civil case, is to be liberally construed as to all matters of form, but ambiguous, doubtful, and defective statements of fact are to be construed most strictly against the pleader. *State, ex rel.,* v. *Casteel* (1887), 110 Ind. 174; *Pond* v. *Sweetser* (1882), 85 Ind. 144; *Chicago, etc., R. Co.* v. *McDaniel* (1893), 134 Ind. 166, 171; *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *City of Indianapolis* v. *Crans* (1903), 28 Ind. App. 584; *Shenk* v. *Stahl* (1905), 35 Ind. App. 493; *Heintz* v. *Mueller* (1893), 19 Ind. App. 240. Specific statements control the general averments. *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458; *Spencer* v. *McGonagle* (1886), 107 Ind. 410; *McCrory* v. *Little* (1893), 136 Ind. 88; *Williams* v. *Hanly* (1896), 16 Ind. App. 464.

A demurrer to a pleading admits all issuable facts alleged in the pleading, but none other. *Winstandley* v. *Rariden* (1887), 110 Ind. 140; *Western Union Tel. Co.* v. *Taggart* (1895), 141 Ind. 281, 60 L. R. A. 671; *Sullivan* v. *O'Hara* (1891), 1 Ind. App. 259, 261; *Germania Ins. Co.* v. *Warner* (1895), 13 Ind. App. 466.

The only averment in the complaint with reference to the subject of the separation of the parties at the time the complaint was filed is the averment reading as follows:

3. "That the plaintiff and defendant were married on June 11, 1875, and continued to live together as husband and wife until November 17, 1904, when the defendant, by a continuous and systematic course of abuse, which had been kept up for more than five years, drove this plaintiff from home." It is held in the case of *Burns* v. *Burns* (1877), 60 Ind. 259, that a complaint for divorce should al-

lege the separation of the parties, and that the fact should be proved on the trial.

A majority of the members of this court hold that the allegations contained in the complaint are not a sufficient showing of the separation; that, at most, the fact is but inferentially stated, and the allegations contained in the complaint leave room for the inference that the parties were still living together as husband and wife at the time the complaint was filed; that the averment, that "the plaintiff was driven from home on November 17, 1904, by the systematic course of abuse which had been continued by the defendant for more than five years," is not tantamount to the averment that they were separated, and that the matrimonial relation between them had been permanently discontinued, and for this reason the demurrer to the complaint should have been sustained. It is the view of the writer that the complaint affirmatively shows condonement; that the only matrimonial offenses charged against the defendant are charged to have been committed in September. It is true that the complaint does charge that these same offenses were committed at divers other times, but it will not be presumed that they were committed after the specific date named in the complaint. Whatever doubt the plaintiff has permitted to come into the complaint on account of its allegations as to the time when the matrimonial offenses were committed by the defendant, such doubts must be resolved against the plaintiff, and therefore it will be presumed that the date fixed by him as September —, 1904, was the date of the last act of cruelty charged, and the complaint, without question, affirmatively shows that the parties continued to live together as husband and wife until November 17. In deciding the case of Burns v. Burns, supra, the court say: "As a general legal proposition, it may be asserted, that, condonation of the offense, or wrong, which might be a cause of divorce, will bar a suit by the condoning party for a divorce, on account of such offense. Condonation may be inferred, from the facts of living and

cohabiting, by the injured party, with the offender, after knowledge of the commission of the offense. Cohabitation will be inferred, nothing appearing to the contrary, from the fact of the living together of husband and wife. * * * But in cases of cruel treatment and failure to provide, of which the present is one, the knowledge of the commission of the offense or offenses, by the injured party, is necessarily coexistent with the commission of the injury, because it operates, or is inflicted, directly upon her or his own person. Hence, a continuous living and cohabiting with the offender must, *prima facie* at all events, be accompanied with or by a succession of condonations, while such living and cohabiting continue. * * * We arrive at the conclusion, therefore, that a complaint for a divorce should allege the separation of the parties, and that the fact should be proved on the trial."

And the complaint in this case, showing affirmatively that the parties lived together as husband and wife for two months subsequently to the date of the wrongful acts charged against appellant as grounds for divorce, shows condonement upon the face of the complaint. The logic of the case of *Burns* v. *Burns, supra,* applies with full force to the facts set up in this complaint. It was held in that case that a complaint for divorce must allege a separation of the parties, for the reason that their living together as husband and wife would constitute a condonement, and it was because of the fact that condonement would be presumed from their living together that it is necessary that the complaint should aver a separation. And where the complaint, as it does in this case, shows that the parties continued to live together as husband and wife subsequently to the commission of the alleged matrimonial wrongs complained of, and shows no subsequent matrimonial offense, it is the writer's opinion that the complaint is bad, and that the demurrer should be sustained, for the reason that it affirmatively shows a condonement. It has been held by the Supreme Court of this State in the case of *Lewis* v. *Lewis* (1857), 9 Ind. 105, and followed by this

Court in the case of *Breedlove* v. *Breedlove* (1901), 27 Ind. App. 560, that condonement is a special defense that must be pleaded, and that it may not be proved under general denial. Recognizing this rule, the writer thinks it does not apply where the condonement appears upon the face of the complaint, and for that reason he thinks the complaint is insufficient, and the demurrer thereto should have been sustained.

Cause reversed, with instructions to the court below to sustain the demurrer to the complaint.