Belknap,  }
Feb. 6, 1917. }

### JOHN R. BROWN v. LIZZIE B. BROWN.

Abandonment and refusal to cohabit, as a ground of divorce under P. S., c. 175, s. 5, *subdiv.* x, exists where there is an abandonment of the relation of husband and wife though the parties may occupy the same premises.

LIBEL FOR DIVORCE, charging abandonment and refusal to cohabit. In June, 1910, the defendant left the plaintiff's bed without cause and without his consent and has ever since refused to live with him as his wife. They lived in the same house until June, 1914, when she moved into another, where she has since resided. The question whether the foregoing facts constitute a cause of divorce was transferred by *Kivel*, J., from the March term, 1916, of the superior court.

*Walter S. Peaslee,* for the plaintiff, was not called upon.

YOUNG, J. As the facts are understood, the court has found that the defendant without sufficient cause and without her husband's consent has refused for more than three years together to live with him as his wife. On these facts there should be a decree for the plaintiff; for P. S., *c.* 175, *s.* 5, *subdiv.* x, provides that a divorce shall be decreed "when either party, without sufficient cause, and without the consent of the other, has abandoned and refused, for three years together, to cohabit with the other." The offence at which this subdivision is aimed is the abandonment of the relation of husband and wife,—not the abandonment of the house in which they were living as man and wife. That is a distinct cause for divorce. *Ib.*, *subdiv's* xi, xii. It is obvious, therefore, that the offence at which this section is aimed is one that may be committed as well when the parties live in the same house as when they live in different houses.

*Divorce decreed.*

All concurred.