## BRUNER *v.* BRUNER.

[No. 23,954. Filed June 8, 1922. Rehearing denied November 16, 1922.]

1. DIVORCE.—*Finding for Plaintiff.—Scope.*—In an action for divorce, a finding for plaintiff includes the finding that the parties had separated and were not living together as husband and wife at the time plaintiff's petition was filed. p. 481.

2. DIVORCE.—*Complaint.—Separation of Parties.*—In an action for divorce, plaintiff must plead and prove that the parties

were separated and not living together as husband and wife at the time suit was instituted. p. 481.

3. DIVORCE.—*Husband and Wife Living in Same House.—Presumption of Cohabitation.*—Ordinarily, the fact that a husband and wife are living in the same house is sufficient to authorize the presumption that all marital relations exist, but such presumption is rebuttable by positive proof to the contrary. p. 483.

4. DIVORCE.— *Separation of Parties.— Evidence.—Sufficiency.*— In a wife's action for divorce, evidence *held* sufficient to establish the fact of separation, though the parties resided in the same house. p. 483.

5. DIVORCE.—*Alimony.—Attorney's Fee.—Excessive Allowance.*—In a wife's action for divorce, where the evidence showed that at the time the parties were married the husband was earning $4.50 per day, and that thereafter he had accumulated property worth more than $400,000, that his income was from $35,000 to $82,500 annually, and that a reasonable attorney's fee for the wife was from $12,000 to $15,000, an award of $100,000 alimony to the wife and of $10,000 for an attorney's fee will not be set aside as excessive. p. 484.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Anna M. Bruner against Andrew Bruner. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel M. Emison* and *James M. House,* for appellant.

*W. M. Alsop, A. J. Padgett* and *Arthur A. Clark,* for appellee.

MYERS, C. J.—On January 7, 1920, appellee, in the Knox Circuit Court, filed her petition against appellant for a divorce and alimony. On the following May 31, appellant filed a cross-petition praying a divorce from appellee. Each of these parties answered the petition of the other by a general denial. On application of appellant the venue of this cause was changed to the Sullivan Circuit Court where the issues theretofore formed were tried by the court, resulting in a general finding

and judgment in favor of appellee for a divorce, $100,000 alimony, and $10,000 additional for plaintiff's attorneys. From this judgment appellant appealed. The overruling of appellant's motion for a new trial is the only error assigned.

Appellee, in her petition, in part alleged that she and appellant were duly married on June 2, 1892, and lived together as husband and wife for many years; that they are not now and have not, since December 27, 1919, lived and cohabited together as husband and wife. As a ground for divorce she relied on cruel and inhuman treatment.

The first two contentions of appellant that the decision of the trial court was not sustained by sufficient evidence and was contrary to law may be considered together. As to these contentions, his only insistence is that the evidence fails to show a separation of the parties at the time appellee filed her petition.

The evidence in this case is voluminous, requiring 478 pages of appellant's printed brief to give a condensed recital thereof, and to which appellee has de-

**1, 2.** voted many pages of her brief in calling our attention to evidence especially relied on by her to sustain the judgment. In the absence of any claim to the contrary, we may assume that the alleged cause of appellee for a divorce was proved. The general finding of the trial court that appellee was entitled to a divorce included the finding that the parties had separated and were not living together as husband and wife at the time appellee filed her petition. Separation is an essential element of a successful proceeding of this character. That fact must appear in the petition and be proved on the trial. *Burns* v. *Burns* (1877), 60 Ind. 259; *Hays* v. *Hays* (1907), 40 Ind. App. 471, 82 N. E. 90. Hence, we shall refer briefly to that evidence only which will

aid in a better understanding of the questions for decision.

As to the evidence on the question of separation, appellant, in substance, testified that both he and his wife, since the year 1901, have occupied the same dwelling house, but during all of that time they had separate rooms or apartments, and during such time they did not live and cohabit together as husband and wife nor did he recognize her as his wife or have any relations with her whatever except to supply her ordinary wants. They had two children, a boy, born March 27, 1893, and a girl, born December 7, 1897, both of whom are living, unmarried, and testified in this case.

As near as we can determine from the evidence, it appears that some time in the year 1901, appellant and appellee entered into an agreement whereby appellee was to have a monthly allowance of $40 to meet the necessary expenses of the household, which included provisions for the table, clothing for herself and children, doctor bills and other expenses of the family. This allowance by appellant to appellee continued until 1909, when the family moved from Sistersville, W. Va. to Vincennes, Indiana, when it was increased to $65 and later to $75 per month. Prior to the year 1901, appellant and appellee lived and cohabited together as man and wife, and during that period the expenses of the household and of the family were paid by appellant himself, either directly or by money furnished his wife, and the monthly allowance system was not adopted until appellant ceased to treat, live and cohabit with appellee as his wife. The business of appellant at the time of his marriage to appellee was that of an oil well driller. Later he became an oil producer, and that was his business at the time of the trial of this case. In 1906 he became interested in the oil fields of Illinois, and later, in the oil fields of Oklahoma, and from that time on he was in-

frequently at home. At the time appellee filed her petition herein, and prior thereto, and continuously since that time, she and her two children have lived in the house belonging to appellant. She looked after the affairs of the household, including the room selected by appellant and set apart for his own use and which he alone occupied at will. When he was at home he ate his meals as a member of the family, until the petition herein was filed. Appellant was at home on the day appellee filed her petition, but before it was filed the son advised his father of the proposed filing of the petition and asked him if something could not be done to avoid the proposed step of his mother. Appellant seemed uninterested in the matter and left for Robinson, Ill. Shortly thereafter he returned and, as theretofore, occupied his own room until February 5, 1920. Since that time he has remained away.

Appellant has inferentially attacked appellee's petition, but, as it was in no way questioned in the court below, the time for the objection urged has passed. However, we may say, under the present liberal rules of pleading approved by this court, the facts stated in the petition were sufficient to withstand a demurrer for want of facts and to warrant the admission of evidence tending to show separation.

Ordinarily, the dwelling together of husband and wife under one roof would authorize the presumption that all marital relations existed, but this presumption 3, 4. must give way to direct proof, as in this case, that appellant and appellee had not lived and cohabited together as man and wife for several years prior to, at the time of, nor since the filing of her petition. As said in *Denison* v. *Denison* (1892), 4 Wash. 705, 708, 30 Pac. 1100, "It cannot be expected in all cases that the plaintiff upon bringing an action for a divorce will abandon her home, to which she has as much right as the

defendant, and desert her children, to whom she has an equal right, and be compelled to maintain herself separate and apart from her husband pending the suit. She may have no other home, and be entirely without means of supporting herself elsewhere." The evidence in the case at bar makes the language just quoted especially applicable to the situation of these parties. True, they resided in the same house, but from the uncontradicted evidence, such inhabitation was in the nature of a convenience for appellant and one of necessity for appellee. In our judgment, the fact of separation being clearly established, the distance apart whether great or small, in the same house or different houses, is immaterial. *Brown* v. *Brown* (1917), 78 N. H. 337, 100 Atl. 604; *Stein* v. *Stein* (1879), 5 Colo. 55; *Evans* v. *Evans* (1892), 93 Ky. 510, 20 S. W. 605; *Whitfield* v. *Whitfield* (1892), 89 Ga. 471, 15 S. E. 543; *Denison* v. *Denison, supra.*

On the question of excessive alimony, the evidence shows that at the time these parties were married appellant was an oil well driller receiving wages

5. of $4.50 per day, and that his present worth of over $400,000 was all accumulated since his marriage with appellee; that his present net income is from $35,000 to $82,500 annually. The undisputed evidence on the question of attorneys' fees ranged from $12,000 to $15,000. Appellant at the time of the trial was 56 years old, and his wife, appellee, was 53 years old. Under this state of the evidence, the trial court was clearly justified in granting appellee the alimony and the attorneys' fees for her attorneys covered by the judgment.

Appellant's motion to modify the judgment by reducing the allowance of alimony from $100,000 to $10,000 was properly overruled.

Judgment affirmed.

Willoughby, J., not participating.