## HOFMIRE *vs.* HOFMIRE.

Where a decree for a divorce has been regularly obtained by the wife against her husband, while he was in the state prison upon a conviction for a felony, and there is no doubt as to the fact of his adultery, the court will not open the decree for the mere purpose of enabling the defendant to set up a condonation of the adultery as a defence to the suit.

It seems that the cohabitation of the wife with her husband after his private confession to her of an act of adultery, but which she has no means of proving so as to justify her in leaving his bed and board, and to protect her friends who might receive and harbor her against his will, is not such a condonation of the offence as will bar her suit for a divorce, upon a subsequent discovery of the means of establishing his guilt.

January 22. THIS was an appeal from a decision of the vice chancellor of the first circuit, refusing to open a decree for a divorce and to permit the defendant to put in an answer setting up a condonation of the adultery charged in the bill, in bar of the suit. In the affidavit of the defendant, on which his application was founded, he admitted that he had on one occasion been guilty of adultery, at a house of ill fame; but he alleged that his wife, after being informed thereof, freely forgave him, and continued to cohabit with him until he was convicted and sent to the state prison, on a charge of felony, shortly after such forgiveness.

*I. W. Bishop,* for the appellant.

*C. Edwards,* for the repondent.

THE CHANCELLOR. There was no irregularity in this case which could authorize the appellant to apply to open the proceedings on that account. Although the solicitor who appeared for him in the suit was employed by the mother of the defendant, and without authority from him, it did not in any way prejudice his rights. He employed no solicitor, and the bill would have been taken as confessed against him, for want of an appearance, if Mr. Crafts had not appeared at the request of the mother; in which case

no order to answer would have been necessary. The solicitor who had appeared without authority, had therefore a perfect right to waive a mere formal proceeding which such unauthorized appearance only had made necessary. He did not and could not consent to the divorce itself; which was obtained on the usual order of reference, and upon full proof of the adultery charged. The only question therefore, is whether the defendant ought to have been permitted, as a matter of favor, to come in and set up the alleged condonation, after a regular decree, under the circumstances of this case.

It appears by the defendant's admission, that he had left the bed of his young and virtuous wife, who by his own showing was devotedly attached to him, to enjoy the embraces of a worthless common prostitute. And from the complainant's affidavits it is doubtful whether she cohabited with him after she had such a knowledge of his guilt in this respect as to justify her in leaving him and seeking legal redress. His private admission of the fact to her, was not sufficient to authorize her to take any proceedings against him; or even to protect her friends for harboring her against his will, if she had then abandoned his bed and board. I am not therefore prepared to say that this defence would have been available, if it had been set up before he had been guilty of a second offence not merely against the domestic happiness of his wife but also against the general welfare of the community. After he had been guilty of this felony, for which he had been convicted and sent to the state prison, both she and her friends were perfectly right in attempting to dissolve a connexion which could no longer be continued consistently with her happiness; provided such connexion could be dissolved in accordance with the principles of the gospel, and the laws of the state. The final decree for such a dissolution of the marriage contract, she had regularly obtained at the time this application was made. And under the circumstances of the case, I think the vice chancellor would not have exercised the powers of this court discreetly if he had opened that decree, for the

purpose of sending back this much injured woman to the now loathed embraces of an adulterer and a felon.

The order appealed from must therefore be affirmed with costs.