MABEL REYNOLDS, RESPONDENT, *v.* SCHUYLER REY-
NOLDS, APPELLANT.

*Condonation— Cruel Treatment— Cohabitation.*

In an action for a separation from bed and board on account of cruel and
inhuman treatment, the fact of continued cohabitation after the acts com-
plained of, is not conclusive evidence of condonation or forgiveness, as in cases
where the cause is adultery.

PARKER, J.—This is an action for a separation from bed and
board forever on the ground of cruel and inhuman treatment.

The Defendant in his answer denied the cruel and inhuman
treatment alleged in the complaint, and set up that after the
alleged committing of the several acts complained of, the Plaintiff
had, from October, 1857, to April, 1858, continued voluntarily to
cohabit with him. The referee found that the Defendant had
been guilty of cruel and inhuman treatment of the Plaintiff, and
of such conduct toward her as to render it unsafe and im-
proper for her to cohabit with him, and that said treatment and
conduct had not been forgiven by the Plaintiff, and that the
Plaintiff is entitled to judgment decreeing that the Plaintiff and
Defendant be separated from bed and board forever.

These findings are fully warranted by the evidence of specific
acts of cruelty and inhuman treatment, and of the circumstances
under which the Plaintiff continued to cohabit with the Defend-
ant after the last act of cruelty proved. Such continuance is not
in this case, as it would have been in an action for divorce on the
ground of adultery, conclusively of the fact of condonation. In
that case the statute makes it so, but not in this (2 R. S. 145, § 42,
1st ed.; Johnson *v.* Johnson, 4 Paige, 460; S. C. 14 Wend. 637;
Whispell *v.* Whispell, 4 Barb. 217; 2 R. S. 147).

As the case stands now, therefore, the conclusion of the referee
that the Plaintiff is entitled to judgment is unimpeachable.

The exceptions taken upon the trial, from the report of the case
before the General Term of the Supreme Court, appear not to
have been there presented. They were all except one, which

was grounded upon a refusal to nonsuit the Plaintiff, taken to the admission of evidence. The evidence objected to was, in each case, so clearly competent, that the Defendant's counsel did well to abandon them then as they do their whole case here, by failing to appear either to argue or submit their case. The judgment appealed from is right, and should be affirmed, with costs, and an award of ten per cent. upon the amount of the judgment, as damages for the delay produced by the appeal.

All affirm.