CLARA B. COX, Respondent, *v.* WILLIAM T. COX, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Referee. Request to find.*—No error is committed by a referee in refusing to find a request on conflicting evidence.

2. *Separation. Condonation.*—An act of sexual intercourse, after acts of cruelty, inhumanity and misconduct, affords some, but not conclusive, evidence of condonation, nor is it, as a matter of law, a condonation of such antecedent acts. See Note at the end of this case.

*Same. Section* 1758. The provisions of section 1758 of the Code do not apply to an action for a separation.

Action for a divorce. Appeal from a judgment of special term.

The referee, as conclusions of law, found:

*First.* "That the plaintiff is entitled to a judgment or decree of separation from bed and board, from the defendant.

*Second.* That the defendant pay to the plaintiff the sum of fifty dollars quarter-yearly from and after the 1st day of January, 1888, or $200 per annum in all, for and during the life of the plaintiff, for her support and maintenance."

The parties were intermarried on the 29th day of November, 1882, at the town of Lansing, county of Tompkins. "They lived and cohabited, together as husband and wife from the date of their said marriage until about the 20th day of September, 1886, when they separated, and have since lived apart from each other."

The referee found, viz.; "Between the months of April and October, 1886, the defendant was guilty of the various acts of cruelty, violence and abuse of the plaintiff as the same are alleged in the complaint; that such violence and abuse was without cause or provocation on the part of the plaintiff, and thereby the plaintiff was rendered fearful for

her personal safety, alarmed at defendant's violence, and her life rendered miserable and intolerable. About the 20th day of September, 1886, the plaintiff, by the order and direction of defendant, left Brooklyn, where they then were, and returned to her father's house in Tompkins county, the defendant telling her not to write to him, as he would not open her letters if she did."

In October, 1886, the defendant returned to his home in Moravia, where his residence was.

The referee found, viz.: "The defendant, at the times when he exercised such violence, cruelty and abuse above referred to, in 1886, upon the plaintiff, was not insane, irresponsible or unconscious of the nature, purpose or effect of his conduct, though, during the same period, he was often stupified by the use of morphine, cocaine and spirits, and by reason of such excesses his memory was affected, his mind disturbed, and he became jealous, passionate and violent."

*Sixth.* The plaintiff has not condoned the offenses afore said, or forgiven the defendant for his cruelty and abuse toward her.

*Seventh.* The defendant owns property, real and personal, of the value of $8,000.

*Eight.* The defendant is a physician and surgeon, and has been engaged in practice of his profession about twenty years.

Prior to his contracting the morphine and cocaine habit, he enjoyed a large and lucrative practice. He is now apparently cured of the habit, restored to health, and has resumed the practice of his profession."

It seems to be conceded by the defendants' counsel that most of the allegations in the complaint were proven."

See p. 1 of appellants' brief. However, he claims: "The defense was that the defendant, being afflicted with disease, had taken morphine to alleviate his pain, and thereby acquired the habit of using it, or the disease known as morphia, and that to cure himself of that habit or disease he

had resorted to the use of cocaine, a new medicine claimed to be a specific cure, which rendered him irresponsible for his acts, and that it was while in this deplorable condition that the acts complained of were committed."

*A. P. Smith*, for appellant.

*Almy & Bouton*, for respondent.

HARDIN, P. J.—After a careful and considerate perusal of the evidence found in the appeal book, we are of the opinion that the findings which were made by the learned referee are in accordance with the weight of the evidence, and that it is our duty to accept the same.

Several requests were submitted by the defendant to the referee for special findings, and among them were the two following, found by the referee: "That from the time of the marriage until September 20, 1886, they lived and voluntarily cohabited as husband and wife. That on the last night of their so living together they had sexual intercourse, and that it was the voluntary act on the part of the wife." The referee refused to find: "That when the alleged misconduct and acts of cruelty and inhumanity were committed, the defendant was of unsound mind." And he also refused to find: "That when the alleged misconduct and acts of cruelty and inhumanity were committed the defendant was insane." He was asked to find: "That by such cohabitation and sexual intercourse, voluntary on her part, she condoned and forgave the defendant's alleged acts of cruelty and inhumanity and of misconduct." Such request was not found.

*First.* As there was a conflict in the evidence upon the subject of whether or not, when the acts of cruelty and inhumanity were committed, the defendant was insane, and as we are of the opinion that the evidence warranted a refusal to find in accordance with the request, there was no error committed by the referee by such refusal. The same observation may be made in respect to the referee's refusal

15

to find, when such acts were committed, the defendant was "of unsound mind." Porter *et al. v.* Smith *et al.,* 7 Civ. Pro. Rep. 195.

*Second.* Although the referee found that there was sexual intercourse on the 20th of September, 1886, between the parties, he refused to find, as a matter of fact, that the plaintiff thereby " condoned and forgave the defendant's alleged acts of cruelty and inhumanity and of misconduct." There was testimony in the case to the effect that she never in fact, or intentionally, forgave the defendant's acts of cruelty and inhumanity. Although the act of sexual intercourse was some evidence upon the subject of forgiveness or condonation, it was not conclusive. Rice *v.* Isham, 4 Abbs. Ct. of App. Dec. 37.

*Third.* Nor do we think the act of sexual intercourse was, as a matter of law, a condonation of the antecedent acts of cruelty and inhumanity.

In section 1758 of the Code of Civil Procedure, it was provided " the plaintiff is not entitled to a divorce, although the adultery is established.   *   *   *   2. Where the offense charged, has been forgiven by the plaintiff. The forgiveness may be proved, either affirmatively, or by the voluntary cohabitation of the parties, with the knowledge of the fact." The provision found in that section does not relate to an action of the character of the one before us.

Section 1762 of the Code of Civil Procedure, provides for an action " to procure a judgment, separating the parties from bed and board   *   *   *   for either of the following causes : 1. The cruel and inhuman treatment of the plaintiff by the defendant.   2. Such conduct, on the part of the defendant, towards the plaintiff, as may render it unsafe and improper for the former to cohabit with the latter.   3. The abandonment of the plaintiff by the defendant.   4. Where the wife is plaintiff, the neglect or refusal of the defendant to provide for her." But there is no provision in

the statute declaring that cohabitation, or sexual intercourse, shall work a forgiveness or condonation of antecedent acts of "cruel and inhuman treatment." Besides, the circumstances disclosed in the evidence indicate a deliberate intent on the part of the defendant to abandon the plaintiff from and after the 20th of September, 1886, and they also indicate "the neglect or refusal of the defendant to provide for her."

We are of the opinion that the evidence taken before the referee was entirely inadequate to support the conclusion reached by the referee. Waltermire *v.* Waltermire, 110 Y. 185 ; 17 N. Y. State Rep. 175.

The facts and circumstances disclosed in the evidence " made her life miserable and rendered it unfit that she should live with him, and impossible for her to do so with any sense of self-respect, or with any comfort." See opinion of DANFORTH, J., page 187, of the case just cited.

We have looked carefully through the opinion of the learned referee, upon the merits of the controversy, as well as upon the legal questions presented, and we are satisfied the opinion is correct, and it has our approval. We have also looked at the various rulings made by the referee during the progress of the trial, to which our attention has been directed by the learned counsel for the appellant, and we are of the opinion that there was no error committed, calling for an interference with the report of the referee. Section 1003 of the Code of Civil Procedure.

*Fourth.* At the special term, where the report of the referee was confirmed, an order was made granting the plaintiff an additional allowance. The appeal is before us from that order. We find nothing satisfactory in the case upon which the order can stand. Section 3252 of the Code of Civil Procedure ; section 3253 ; Beadleston *v.* Beadleston, 103 N. Y. 404; 3 N. Y. State Rep. 634 ; Code of Civil Pro. section 1769.

We therefore, think the order, so far as it grants an extra allowance of $150, is erroneous, and the order should be

modified by striking such allowance of $150 therefrom.

Judgment and order of confirmation affirmed, with costs.

The allowance of $150 for counsel fees, in the order of the 19th of June, 1888, stricken out, without costs to either party.

MARTIN and MERWIN. JJ., concur.

### NOTE ON CONDONATION IN ACTIONS FOR A DIVORCE OR SEPARATION.

Subdivision 2 of section 1758 of the Code provides for the denial of a decree awarding divorce, though the adultery is established, where the plaintiff has forgiven the offense, which is made the basis of the action. The condonation may be affirmatively proved by express verbal or written promise or agreement, or by the acts and conduct of the plaintiff. The usual proof of the forgiveness is cohabitation, voluntarily had between the plaintiff and defendant after the commission of the adultery, with a full knowledge of the fact. This statute is limited in this respect to an action for divorce on the ground of adultery. There is no statutory provision upon this subject applicable to actions for a separation. The decisions have defined the effect of condonation in such cases. The 1758th section of the Code reads as follows:

Section 1758. In either of the following cases, the plaintiff is not entitled to a divorce, although the adultery is established:

1. Where the offence was committed by the procurement or with the connivance of the plaintiff.

2. Where the offence charged has been forgiven by the plaintiff. The forgiveness may be proved, either affirmatively or by the voluntary cohabitation of the parties, with the knowledge of the fact.

3. Where there has been no express forgiveness, and no voluntary cohabitation of the parties, but the action was not commenced within five years after the discovery, by the plaintiff of the offense charged.

4. Where the plaintiff has also been guilty of adultery, under such circumstances, that the defendant would have been entitled, if innocent, to a divorce.

*Of adultery.*—Inasmuch as a single act of adultery is such a violation of marital obligation as to justify a decree of divorce, it follows from the nature of the wrong, that subsequent sexual cohabitation, with knowledge of the adultery, is a condonation or forgiveness. Doe *v.* Doe, 52 Hun, 405.

An act of condonation, to be effectual, must be one to which both husband and wife assent, and in which each participate; an unaccepted

Note on Condonation in Actions for a Divorce or Separation.

offer to return to cohabitation, is not a condonation; especially, when made under the pressure of an order of the court, as a substitute for an award of alimony. Betz *v.* Betz, 2 Robt. 694; 16 Abb. 90.

Condonation is not so readily presumed as a bar against the wife as against the husband. Durant *v.* Durant, 1 Hagg. Ecc. 733.

If condonation may be inferred from cohabitation, the presumption may be rebutted by the accompanying circumstances. Whispell *v.* Whispell, 4 Barb. 217.

It is well settled that, if the injured party subsequently to the adultery cohabits with the other, after just grounds of belief of the fact, it is in judgment of law a remission of the offense, and a bar to the divorce. 2 Kent's Comm. 101; Johnson *v.* Johnson, 14 Wend. 636; Wood *v.* Wood, 2 Paige, 108.

In order to found a legal condonation, there must be a complete knowledge of all the adulterous connections, and a condonation subsequent to it. It is requisite that the forgiving party should know all the facts going to make up the offense. Uhlmann *v.* Uhlmann, 17 Abb. N. C. 236. Probable knowledge of the facts is not sufficient; it must be full knowledge. Id. It is not only necessary that the party should have full knowledge of the facts, but he must be able to prove them. Id. A private oral confession of the wife to the husband, or vice versa, would not suffice; nor would circumstances of a suspicious nature merely be sufficient to constitute such knowledge. The forgiving party must believe the husband or wife guilty. In order to establish condonation, it is not enough to prove that the husband took his wife back after certain facts came to his knowledge, after certain intelligence had been communicated to him, tending to prove her adultery; it is necessary to prove that the husband took her back, under the belief of her guilt, with the intention of forgiving her. Ellis *v.* Ellis, 4 Sw. & Tr. 154; Uhlmann *v.* Uhlmann, *ante.*

Condonation of adultery by subsequent cohabitation with knowledge was held, in Timerson *v.* Timerson, 2 How. N. S. 526, not to bar an after-brought action predicated on such adultery, where the condonation was made upon the promise by the husband, who was the guilty party, that he would in all things thereafter treat his wife kindly and in a proper manner, and would be in all things a good and affectionate husband to her, in case he violated such promises. And in Johnson *v.* Johnson, 14 Wend. 642, it was held that condonation, evidenced by cohabitation with knowledge, is, by legal inference, conditioned upon subsequent kind and proper treatment. The violation by the defendant of the conditions of the condonation revives the wife's right of action for his previous adultery. Timerson *v.* Timerson, *ante.* The law is lenient toward the wife in regard to condonation by cohabitation. Id. Harnett *v.* Harnett, 55 Iowa, 48.

Note on Condonation in Actions for a Divorce on Separation.

A knowledge of the facts implies an acquaintance with the facts concurring to prove, not only a particular charge, but of all then existing charges, of adultery. Uhlmann *v.* Uhlmann, *ante;* Durant *v.* Durant, 1 Hagg. Ecc. 733. In the latter case, the husband had three illegitimate children by a woman other than his wife. In an action against him for a divorce, he relied, in his defense to the charge of adultery, upon condonation. It appeared that she knew, at the time of the alleged condonation, of two, but not of the third, of these acts of adultery; and the court held that there was no legal condonation.

. It seems that the wife's living with the husband after his private admission to her of adultery, is not a condonation of that adultery. Hoffmire *v.* Hoffmire, 7 Paige, 60.

*Of cruel treatment.*—In Reynolds *v.* Reynolds, 3 Keyes, 368; 4 Abb. Dec. 35, it was held that continuance of cohabitation, though it is conclusive evidence of condonation in the case of adultery because made so by statute, and bars an action for an absolute divorce on that ground, is not conclusive in the case of an action for limited divorce on the ground of cruelty.

The act of sexual intercourse is not, as a matter of law, a condonation of antecedent acts of cruelty and inhumanity. Cox *v.* Cox, *ante.* There is no provision in the statute declaring cohabitation or sexual intercourse shall work a forgiveness or condonation of antecedent acts of cruel and inhuman treatment. Id. The provision found in section 1758 of the Code that, "where the offense charged has been forgiven by the plaintiff, the forgiveness may be proved, either affirmatively or by the voluntary cohabitation of the parties, with the knowledge of the fact," does not relate to an action for a separation. Id.

Sexual cohabitation after acts of cruelty cannot be considered as condonation, in the sense in which it would be after an act of adultery. Doe *v.* Doe, *ante.* And though there may be a forgiveness for cruelty which, perhaps, would bar an action for separation, it would not be just to treat mere cohabitation as a condonation of past cruelty in every instance. Id.

Even where there has been actual forgiveness enough to bar an action based on previous cruelty, proof of such previous cruelty may be very important on a trial as giving character to subsequent acts, indicating that they spring from a settled and permanent mode of acting, and not from hasty impulse. Id. Her forgiveness of past unkindness or cruelty does not show conclusively that it is safe and proper for her to live with him, in view of the whole course of his conduct. Id.

The act of sexual intercourse, though some, is not conclusive, evidence upon the subject of forgiveness or condonation of the husband's

Note on Condonaton in Actions for a Divorce or Separation.

acts of cruelty and inhumanity. Cox *v*. Cox, reported above; Reynolds *v*. Reynolds, 4   Abb. Dec. 35, 37.

Condonation of cruel treatment on the part of the husband, was held in Burr *v*. Burr, 10 Paige, 20; S. C. 7 Hill, 207, to be subject to the implied condition that he shall thereafter treat his wife with conjugal kindness, and that subsequent acts of cruelty revive the condoned offense, though not in themselves sufficient to justify a separation. See Whispell *v*. Whispell, 4 Barb. 217.

In Davies *v*. Davies, 55 Barb. 130; 37 How. 45, a wife continued to cohabit with her husband for several months, after receiving from him such treatment as would justify her in applying for a separation, and it was held that this implied a forgiveness of the ill-treatment, and a purpose to continue conjugal relations with him; and that, after such lapse of time and such condonation, the court will not grant a divorce for such ill treatment if, in the interval, the husband has treated his wife kindly, and given her no further cause of complaint; but, if she has occasion to complain of his subsequent treatment, she may refer to such former ill treatment, and bring the same forward as a part of her grounds for believing that she cannot safely continue to cohabit with him.

*Pleading.*—Where adultery is set up by way of recrimination, whether subsequent cohabitation amounts to a condonation of the husband's adultery, depends upon the particular circumstances. Wood *v*. Wood, 2 Paige, 108.

In Roe *v*. Roe, 14 Hun, 612, it was held that the defense of condonation must be set up in the answer.