MARY H. KREIGHBAUM, Plaintiff, *v.* WILLIAM KREIGHBAUM, Defendant.

Supreme Court, Erie Special Term, February, 1922.

**Divorce — condonation — breach of implied condition to treat kindly — interlocutory decree granted.**

Where in a wife's action for divorce it satisfactorily appears that upon the resumption by plaintiff of marital duties, after her discovery of defendant's infidelity, he began a course of cruel and inhuman treatment of her continuing for months

and finally culminating in a vicious assault for which he was tried and convicted and sentenced to the penitentiary for one year, she will be awarded an interlocutory decree.

A condoned adultery is revived by a repetition of the offense; the cohabitation testified to by plaintiff was upon the implied condition that she should be treated by defendant with conjugal kindness, and his conviction of assault was a breach of such condition.

APPLICATION by plaintiff for an interlocutory judgment of divorce.

*Medford B. Farrington,* for plaintiff.

BROWN, J.　Plaintiff's proofs satisfactorily establish the adultery of the defendant.　Plaintiff testified that for some months after she discovered the adultery of the defendant, and with full knowledge thereof, she lived and cohabited with the defendant. That such cohabitation constituted a condonation of the defendant's offense of adultery by the plaintiff there is no doubt.　It satisfactorily appears that upon the resumption by the plaintiff of her marital duties after the discovery by her of defendant's adultery, the defendant began a course of cruel and inhuman treatment of the plaintiff, continuing for months, finally culminating in a vicious assault, for which defendant was convicted of assault in the second degree and sentenced to the penitentiary for one year.

Does such condonation prevent plaintiff from obtaining relief?

Condonation is a conditional forgiveness of the injury; and a repetition of the offense revives a condoned adultery.　*Smith* v. *Smith,* 4 Paige Ch. 432.　In *Johnson* v. *Johnson,* 1 Edw. Ch. 439, the vice-chancellor said: " the effect of a condonation is not, in all cases to bar the party of her remedy; since it is only a forgiveness of the offense, accompanied with an implied condition ＊ ＊ ＊ that she shall be treated with conjugal kindness.　On a breach of the condition, the right to prosecute for the former injury revives."　The decree of divorce awarded by the decision in 1 Edwards' Chancery (*supra*), was reversed by the chancellor in 4 Paige's Chancery, 460, holding that cruelty alone, after condonation, would not revive the condoned adultery.　The decision of the chancellor in 4 Paige's Chancery, 460, was reversed by the Court for the Correction of Errors in 14 Wendell, 637, which in effect restored the decree of divorce granted by the vice-chancellor in 1 Edwards' Chancery, 439.　The decision in 14 Wendell, 637, was by a divided court, eleven members of the court voting for reversal and nine voting for affirmance.　Upon settlement of the decree one of the eleven stated that he was not satisfied that there had been a condonation.　It, therefore, appeared that only ten members of the court out of the twenty voted that cruelty after condonation revived the condoned adultery.　It may be that such decision left the principal question undecided.　It was

so stated in *Burr* v. *Burr*, 10 Paige Ch. 20, 35. In *Hoffmire* v. *Hoffmire*, 7 Paige Ch. 60, the defendant sought to open his default to plead condonation. It appeared that after the alleged condonation defendant had been convicted of a felony and sent to prison. It was held that the conviction of a felony denied to the defendant the right to open the default for the purpose of pleading condonation.

In *Timerson* v. *Timerson*, 2 How. Pr. (N. S.) 526, it was held that a complaint alleging adultery of husband, wife's condonation upon husband's promise to treat wife kindly, husband's violation of such promise, stated a cause of action for divorce.

In 14 Cyc. 641, the rule is stated: " The condonation of a matrimonial offense is not absolute but is based upon the repentance of the guilty party and is conditioned upon non-repetition of the offense and his future treatment of the injured party with conjugal kindness; and a violation of the condition in either respect revives the original offense. * * * An act of adultery will be revived by subsequent cruel and inhuman treatment."

In *Fisher* v. *Fisher*, 93 Md. 298, the wife condoned the adultery of her husband. Such condonation was held to be upon the implied condition that he would thereafter treat her with conjugal kindness. Subsequent cruelty was held to be a breach of the condition and revived the cause for divorce arising from the condoned offense. *Davis* v. *Davis*, 19 Ill. 334, and *Sullivan* v. *Sullivan*, 34 Ind. 368, are to the same effect.

The conclusion is reached that the cohabitation testified to by the plaintiff was upon the implied condition that plaintiff should be treated by the defendant with conjugal kindness; that defendant's conviction of assault upon the plaintiff was a breach of such condition; that plaintiff should not be denied relief of a divorce founded upon the proved adultery. Interlocutory decree awarded.

Judgment accordingly.