## LEWIS *v.* LEWIS.

Petition for divorce. Causes, adultery and abandonment. The defendant denied the adultery, and by way of cross-petition, alleged that the plaintiff abandoned her, &c. Issues joined. On the defendant's motion the jury were instructed to find specially upon these questions—1. Was the defendant guilty of adultery as charged? 2. If so, did the plaintiff cohabit with her after knowledge of the fact? 3. Which party abandoned the other? Verdict: 1. Guilty. 2. The plaintiff cohabited with the defendant after knowledge of her adultery. 3. He abandoned her. Decree in favor of the plaintiff.

*Held*, 1. That in actions for divorce, trial by the Court is contemplated by the statute; and though the Court may submit the case to a jury, their verdict is not conclusive, but the Court may finally review the whole case, and disregard so much of the finding as may be without the issues.

May Term,
1857.
───────
Lewis
v.
Lewis.

2. That the subsequent cohabitation was matter of defense, but not being set up as such, it could not be proved on the trial.

3. That a finding based upon such proof, could have no legal effect in the decision of the cause, and might be rejected as surplusage.

The petition in this case did not aver that the plaintiff was a *bona fide* resident of the county; but no objection was taken to this, either by demurrer or answer. *Held*, that the question could not be raised after the commencement of the trial.

The person with whom the adultery was alleged to have been committed, was examined as a witness. The Court instructed that if the evidence showed him guilty, he was an accomplice, and as such, his testimony must be received with more caution, and would be entitled to less weight, than that of others. *Held*, that the instruction was correct.

The mode of determining the credibility of witnesses is the same in civil as in criminal cases.

*Wednesday,*
*May 27.*

APPEAL from the *Henry* Circuit Court.

DAVISON, J.—This was an action for divorce, instituted by *John Lewis* against his wife, *Sarah Lewis*. The causes for divorce alleged in the petition are these: 1. Adultery with one *Solomon Hiatt*. 2. Abandonment. The defendant, in her answer, which is verified by oath, specifically denies the adultery; and, by way of cross-petition, she alleges that the plaintiff abandoned her without cause, &c., wherefore she prays a divorce and alimony. There was an answer to the cross-petition, and a reply to the answer.

The issues being made, the case was submitted to a jury, who, upon the defendant's motion, were instructed to find specially upon the following questions, viz., "Was the defendant guilty of adultery as charged? And if she was, then find whether the plaintiff cohabited with her after a knowledge of the fact. Which party abandoned the other?" In answer to these inquiries, the jury returned their verdict as follows: "We, the jury, find the defendant guilty of adultery as charged; that the plaintiff cohabited with her after he had knowledge of the adultery, and that he abandoned her."

Upon a return of the verdict, the plaintiff moved for a decree; but pending this motion, the defendant moved to dismiss the entire cause, on the ground that the verdict did not entitle the plaintiff to a divorce. The Court, however, overruled the latter motion, and rendered a decree in the

plaintiff's favor, dissolving the marriage contract then sub-
sisting between him and the defendant.

We have seen that the jury, though they found the de-
fendant guilty of adultery, also found that the plaintiff
cohabited with her after he was advised of the fact; hence,
it is insisted that the decree is erroneous.   The statute
whereby this proceeding is regulated, points out adultery
as a cause for which a divorce shall be decreed, upon the
application of the injured party; but another provision of
the same enactment declares, that a divorce shall not be
granted for such cause, when the party seeking it has vol-
untarily cohabited with the other, with a knowledge of the
adultery.   2 R. S. pp. 234, 235, ss. 7, 8.   But the appellee
contends that subsequent cohabitation, with previous notice
of the adultery, is a ground of defense, and the defendant
having failed to set up such defense in her pleadings, the
verdict on that point is not within the issues, and therefore
did not disclose a fact noticeable by the Court in rendering
its decree.

The rule of procedure in cases for divorce, obviously
contemplates a trial of the cause by the Court; and though
the Court may of its own motion, by consent of parties,
or upon the motion of either party, submit the questions
raised by the pleadings to the consideration of a jury; still,
the verdict may not be in all respects conclusive.   And on
final hearing of the cause, the Court may look into the
whole case, and disregard so much of the finding of the
jury as is plainly without the issues; because the finding
of a fact not in issue cannot constitute the basis of a
judgment.   2 R. S. p. 121, s. 372.   Here, the subsequent
cohabitation was plainly matter of defense; but it was not
set up in the defendant's answer, and therefore, not the
proper subject of proof on the trial.   *Id.* p. 45, s. 91.   "A
finding based upon such proof could have no legal effect
in the decision of the cause, and might be rejected as sur-
plusage."   We are inclined, in this instance, to hold the
action of the Court, though not in accordance with the
verdict, unobjectionable.

During the trial, it appeared in evidence that *John Lewis,*

the plaintiff, was not, at the time he filed his petition, a resident of *Henry* county. Upon this disclosure, the defendant moved to dismiss the suit; but her motion was overruled; and thereupon she excepted. The statute says that, "Divorces may be decreed by the Circuit Courts of this state, on petition filed by any person at the time a *bona fide* resident of the county in which the same is filed; of which *bona fide* residence, the affidavit of the petitioner shall be *prima facie* evidence." 2 R. S. p. 234, s. 6. In the petition before us, there is no averment of residence. On that account it was objectionable, but such objection could not be properly raised after the trial commenced. The code (p. 38, s. 50) enumerates certain causes for which the defendant may demur, when the cause of demurrer appears on the face of the complaint; but in a subsequent section it is provided, that when any of the matters so enumerated do not appear in the complaint, the objection, except for misjoinder of causes, may be taken by answer. And "if no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except, only, the jurisdiction of the Court over the subject of the action." 2 R. S. p. 39.

These enactments fully sustain the ruling of the Court. The defendant, having failed to demur to the complaint, or raise the objection of non-residence by answer, was estopped from saying that the plaintiff was not a resident of the county in which he commenced the suit.

*Solomon Hiatt*, the person with whom the adultery is alleged to have been committed, was examined as a witness for the defendant; and the evidence being closed, the Court, in relation to his testimony, charged the jury as follows: "If the evidence shows him guilty, he is to be regarded as an accomplice, and his testimony is entitled to less weight, and so the jury should regard it. The testimony of accomplices in crime and infamy, is to be received with more caution than that of others."

This instruction is said to be objectionable—1. Because the simple fact that the witness had been charged with adultery, is no cause why his veracity should have been

suspected. 2. The rule in criminal cases, where the character of the witness as an accomplice is admitted, does not apply. These objections are not well taken. The language of the Court is—"If the evidence shows him guilty, he is to be regarded as an accomplice, and his testimony is entitled to less weight," &c. This is not an assumption that the mere charge in the petition made him an accomplice. It was the province of the jury to use the proper means to ascertain what credit was due *Hiatt's* testimony. For that purpose they might look at all the evidence in the cause, and if it proved him *particeps criminis*, he was of course an accomplice. And the rule stated in the instruction is too well established to admit of controversy. The testimony of an accomplice should be received with caution, and, when received, is entitled to less weight than should be given to witnesses unconnected with the transaction. In respect to the mode of arriving at a conclusion as to the credibility of a witness, we are not aware of any distinction between civil and criminal cases.

*Per Curiam.*—The decree is affirmed with costs.

*W. Grose*, for the appellant.

*J. T. Elliott* and *J. H. Mellett*, for the appellee.