SULLIVAN v. SULLIVAN.

CHANGE OF VENUE.—*Affidavit.*—In an action for a divorce, an affidavit of the defendant, the husband, in support of a motion made by him for a change of venue, stated as the reason for the change, "that he belived he could not have a fair and impartial trial of said cause on account of an undue influence which the plaintiff had over the defendant in the cause."

*Held,* that the application for a change of venue was properly refused, the affidavit showing no statutory reason.

DIVORCE.—*Supreme Court.*—The Supreme Court may, upon appeal, reverse a judgment granting a divorce.

SAME.—*Condonation.*—*Doctrine of, Where Applicable.*—In actions for divorce, the doctrine of condonation applies to cruel treatment as well as to adultery.

SAME.—*Evidence.*—*Pleading.*—Where in an action for a divorce on the ground of cruel treatment the complaint shows a condonation, and that the condition, which constitutes an element of condonation, that the offense shall not be re-. peated, and that the forgiven party shall treat the other with kindness, has been broken, as well as where in such an action the condonation is shown by answer, and the violation of such condition is shown by reply, the plaintiff is entitled to introduce evidence of acts of cruel treatment before the condonation as well as those after it; and it is not necessary, in order to entitle the plaintiff to a divorce, that the acts occurring after the condonation should of themselves, independent of those occurring before, constitute a cause for divorce.

APPEAL from the Madison Common Pleas.

DOWNEY, J.—This was a petition for a divorce on the grounds of cruel treatment and failure to provide, filed by the appellee against the appellant. It alleges, that after their marriage the parties lived together unpleasantly and disagreeably until May, 1867, when she left him and remained away for a period of six months, at the end of which time, in consequence of his solemn promises to treat her well and kindly, she returned; that he kept his pledge, "by the greatest effort," for about one month. The acts of cruel treatment are alleged to have taken place after this time, as also the failure to provide.

After several steps in the case, concerning which there is no complaint, the defendant moved the court for a change of venue, upon an affidavit stating that he believed that he could not have a fair and impartial trial of said cause on account

Sullivan *v.* Sullivan.

of an undue influence which the plaintiff had *over the defendant* in the cause, and he asks, &c.

The court refused to grant a change of the venue. This was right. The affidavit showed no reason known to the statute for a change of venue.

There was a trial by the court, and finding and judgment for the plaintiff, for a divorce, three hundred dollars of alimony, and the custody of one of the children, the custody of the other one being given to him. Motion for a new trial overruled, and the evidence put in the record by a bill of exceptions.

The appellee contends that this court will not, in any case, reverse a judgment granting a divorce, and refers to 2 G. & H. 349, sec. 7; *McJunkin* v. *McJunkin*, 3 Ind. 30; *Ewing* v. *Ewing*, 24 Ind. 468. But counsel are mistaken in supposing that the authorities referred to have any application to cases on appeal to this court from a judgment granting a divorce. This court has repeatedly reversed cases on appeal where a divorce had been granted.

The defendant contends that the court committed an error in admitting evidence, over his objection, of acts of cruel treatment which took place prior to the reconciliation mentioned in the petition. He contends that there was a condonation as to all of such acts, and that the court should not have received evidence of them.

The petitioner, thereupon, insists that the doctrine of condonation applies exclusively to the offense of adultery, and does not apply to cruel treatment.

We have examined some of the authorities on the question, and are satisfied that the doctrine applies to cruel treatment as well as to adultery. 2 Bishop Marriage and Divorce, § 50.

Condonation is defined to be the forgiveness, either express or implied, by a husband of his wife, or by a wife of her husband, for a breach of marital duty, as adultery, with an implied condition that the offense shall not be repeated.

Webster's Dictionary. With reference to the condition, Bouvier, in his Law Dictionary, says, " Every implied condonation is upon the implied condition that the party forgiven will abstain from the commission of the like offense thereafter, and also treat the forgiving party, in all respects, with conjugal kindness. Such, at least, is the better opinion; though the latter branch of the proposition has given rise to much discussion. It is not necessary, therefore, that the subsequent injury be of the same kind, or proved with the same clearness, or sufficient of itself, when proved, to warrant a divorce or separation."

While the condition remains unbroken, condonation, on whatever motive it proceeded, is an absolute bar to the remedy for the particular injury condoned. 2 Bishop on Marriage and Divorce, § 33.

It will be seen that an important element in the definition is the condition on which the remission or forgiveness is granted. It is upon the condition subsequent that the offense shall not be repeated, and that the forgiven party will treat the other with kindness. If the condition had been violated in this case, as alleged in the petition, then, it seems to us, that it was proper to allow the wife to give evidence of the acts of cruel treatment before as well as after the condonation, for, as we have seen, it was not necessary that the acts occurring afterwards should, of themselves, independent of those occuring before, constitute a cause for a divorce.

Had the case proceeded in a different, and perhaps a more usual and natural way, the petition would have alleged the cruel treatment, &c., the defendant would have pleaded the condonation in defense, and the petitioner would have replied the subsequent acts as a violation of the implied condition on which the condonation took place. It is decided by this court, in *Lewis* v. *Lewis*, 9 Ind. 105, that condonation must be specially pleaded. But that rule cannot apply to a case like this where the petitioner sets up the condonation, and then also alleges the violation of its condition. As will be seen by referring to the petition, she alleges the living to-

gether after their marriage, their separation, their reconciliation and living together again, and then the subsequent acts of misconduct on his part. In such a case, it is not necessary for the defendant to plead the condonation in order to have the benefit of it. As the pleadings stood, the court committed no error in hearing the evidence to which objection was made.

Again, the defendant complains of the admission of certain evidence of statements made by his wife, in his absence, tending to show a failure on his part to provide for his family. But we need not decide this point, for the reason that all the evidence fails to show that the defendant did fail to provide for his family. If there were no other cause alleged for a divorce than his failure to provide, the case, on the evidence, would be clearly with the defendant.

Upon the question of cruel treatment, we think the evidence was sufficient to justify the finding of the court. It is true that most of the acts of cruel treatment took place prior to the condonation, but there were acts occurring afterwards, sufficient to revive the right to sue for those which occurred before. Among other facts, one witness swore that he "saw her come out of the back door of his house, and his foot was after her." The court may have inferred from this that she was forcibly expelled from the house.

The judgment is affirmed, with costs.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*R. Lake* and *J. A. Harrison*, for appellee.