Breedlove *v.* Breedlove.

---

## BREEDLOVE *v.* BREEDLOVE.

[No. 4,016.    Filed November 12, 1901.]

APPEAL AND ERROR.—*Evidence.—Record.*—Where a typewritten manuscript bearing indications of being a report of the evidence taken in the cause, containing the formal parts of a bill of exception, shown to have been presented and signed by the judge within the time limited, and to have been thereafter filed in the clerk's office, is incorporated in the transcript and certified by the clerk as the original bill, the evidence is properly before the Appellate Court for review. *p. 562.*

DIVORCE.—*Condonation.—Pleading.*—The claim of condonement in an action for divorce is a specific defense, and must be specially pleaded. *p. 562.*

SAME. — *Condonation.— Pleading.*—Allegations in a complaint for divorce of a continued course of ill treatment, and, of necessity, forbearance upon the wife's part during the time, cannot be construed as showing condonation. *p. 563.*

Breedlove *v.* Breedlove.

DIVORCE.—*Evidence.*—Evidence in the trial of an action for divorce that plaintiff one night when ill got out of bed and crawled across the sitting-room to the porch to get a drink of water was properly admitted as tending to support the charge of cruelty based upon the husband's indifference to and abuse of his wife when in poor health. *pp. 563, 564.*

SAME.—*Evidence.—Cross-examination.—Discretion of Court.*—Where, in an action for divorce, the complaint charged that defendant refused during his wife's pregnancy to buy for her certain delicacies she then craved, and no general charge of failure to provide was made or testified to by plaintiff in her examination in chief, it was not an abuse of discretion for the court to exclude questions on the subject of failure to provide, on cross-examination of plaintiff, the questions not being directed to the specific fact previously testified to by her. *p. 564.*

SAME.—*Evidence.—Cross-examination.*—Where plaintiff was asked, on cross-examination in the trial of an action for divorce, relative to her husband having taken her on a pleasure trip, with the manifest purpose of showing kind treatment by him, it was proper to permit her on reëxamination to relate incidents in connection with the trip which were not to defendant's credit. *pp. 564, 565.*

TRIAL.—*Evidence.—Rejection.—Exception.—Offer to Prove.*—A ruling by the trial judge on the admission of evidence is tentative until the formal offer to prove has been concluded, and in order to save an exception to a ruling of the court in rejecting evidence the offer to prove need not be made before such ruling. *pp. 565-570.*

DIVORCE.—*General Reputation of Defendant.—Evidence.*—Where, in an action for divorce no attack was made upon defendant's character, it was not error to exclude evidence as to his general reputation in the neighborhood. *p. 570.*

SAME.—*Alimony.*—A judgment for alimony will not be disturbed on appeal where the amount awarded is not so large as to indicate an abuse of discretion. *p. 571.*

SAME.—*Judgment.—Custody of Child.*—A judgment for divorce and for the custody of a child which does not limit the custody until the further order of the court is incomplete. *pp. 571, 572.*

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by Mayme Breedlove against David C. Breedlove for divorce. From a judgment for plaintiff, defendant appeals. *Judgment modified and affirmed.*

*F. E. Gavin, T. P. Davis, J. L. Gavin, R. W. Harrison, Noah Loughrun* and *C. N. Beamer,* for appellant.

Vol. 27—36

Breedlove *v.* Breedlove.

*E. G. Hogate, J. L. Clark* and *S. M. Ralston,* for appellee.

ROBY, J.—Appellee had judgment in the Hendricks Circuit Court for a divorce, $3,500 alimony, and the absolute custody of the infant daughter of the parties.

The first point made is that "the evidence is not in the record". By legislative assistance the difficulties of the subject have happily been minimized. A volume of 800 pages of typewritten manuscript bearing indications of being a longhand report of the evidence taken in this case comes to this court. It contains the formal parts of a bill of exceptions. It is shown to have been presented to and signed by the judge within the time limited and to have been thereafter filed in the clerk's office. It is incorporated in the transcript and certified by the clerk as the original bill; it is therefore before the court. *Hauger* v. *Benua,* 153 Ind. 642; *Tombaugh* v. *Grogg,* 156 Ind. 355.

The complaint avers that the parties were married December 5, 1895, and lived together until February 6, 1899. That they have one child, then eighteen months old. It further charges appellant with cruel and inhuman treatment continuing over their entire married life, setting out a number of specific instances, which need not be repeated. Upon the trial evidence was given by appellee supporting her complaint. Appellant denied every charge made against him. It is not claimed that the judgment is not supported by evidence, but it is earnestly argued that the evidence shows without conflict that the cruelty complained of was condoned. The issue was made by a general denial to the complaint. Appellee meets the proposition by the further one that condonement is a special defense and must be specially pleaded. This is the holding of *Lewis* v. *Lewis,* 9 Ind. 105, and must be taken as expressive of the law. The case is approved in *Sullivan* v. *Sullivan,* 34 Ind. 368, 370, and, upon principle, no reason is known why the husband, guilty of adultery or cruel and inhuman treatment,

who seeks to shelter himself behind the forgiveness of his wife, should not plead his defense; nor does the reason apply with less force when the wife is the guilty party. In the Sullivan case the plaintiff set up condonation in his complaint, and averred a breach of the condition. It was held that the defendant was entitled to the benefit of the defense without further plea.

Appellant insists that the averments of the complaint bring him within the exception. They are not so construed. They show the continued course of ill treatment, and, of necessity, forbearance upon the wife's part during the time, but condonation is not averred. The State is the third party to every divorce suit, and is represented by the judge. He is of course not bound by the pleadings, but may examine witnesses as to recrimination, collusion, or condonation, and dispose of the case as the interest of the State requires. 9 Am. & Eng. Ency. of Law (2nd ed.), 729, and authorities cited. In view of the earnestness of the counsel and the importance of the case to the parties, the evidence has been carefully examined, and, under proper pleadings, we should be compelled to hold that it is not sufficient to establish the defense. It is not to the advantage of either party, or any other person, that it be reviewed.

Appellant filed at the proper time his motion for a new trial, setting out 101 reasons, exclusive of subdivisions thereof. The motion was overruled, and such ruling is assigned as error.

The action of the court in permitting appellee to testify that one night when ill she got out of bed and crawled across the sitting-room to the porch, procured a drink of water, returned to the bed the same way, became "worse", could hardly get her breath, "finally waked him up", and was thereafter alarmingly ill, two doctors being called to attend her, is the first reason for a new trial discussed. One of the charges of cruelty was based upon appellant's alleged indifference to and abuse of appellee when in poor health.

The incident narrated has some tendency to support the charge, since wives ordinarily would have requested the husband to procure the water. It also tended to show appellee's physical condition, it being in evidence that appellant shortly prior thereto had with unnecessary emphasis told her that "all that was the matter with me was that I lacked the grit his mother had."

The next seven reasons for a new trial discussed relate to the sustaining of objections to questions asked appellee on cross-examination. The first of these questions was: "Dave had provided for you tolerable liberally." Further inquiries were directed to the kind and amount of furniture and carpets, etc., purchased after the parties were married. The complaint did not aver failure to provide. The charge was made that appellant refused during his wife's pregnancy to buy for her certain delicacies she then craved. The questions excluded are not directed to the specific fact previously testified to by the witness, and while the court might without error have permitted them to be answered there was no abuse of discretion in excluding them. Appellee was further asked upon cross-examination a number of questions as to whether her dissatisfaction was not due to property conveyances made after the marriage, by her husband's parents, and as to expressions made by her father and mother to her relative to such conveyances. The latter class of questions were irrelevant; those seeking to develop dissatisfaction with the conveyances should have been allowed, directed as they were to relations existing between the parties; their exclusion does not constitute reversible error, for the reason that, assuming the truth to be as indicated, it does not follow but that the other grounds of disagreement alleged also existed. The statements attributed to the witness by the questions do not contradict the facts otherwise detailed by her.

Appellee was asked upon cross-examination relative to her husband having taken her on a pleasure trip to Atlantic

City and Washington. The manifest purpose was to show kind treatment by him. On reëxamination she was permitted to give incidents in connection with the trip not to appellant's credit, and while these incidents were not set out in the complaint, appellant having gone into the subject had no right to stop with a part of it, only, before the court.

The forty-first reason for a new trial is based upon the exclusion of evidence offered by appellant during the examination of I. W. Brindel. The record relating thereto is as follows: "Q. State whether or not you are acquainted with the general reputation of Mr. Breedlove, in the community where he lives, for morality. Counsel for plaintiff object for the reason the evidence sought by the question does not prove or tend to prove or disprove any issue tendered by the pleadings in this case. Objection sustained. To which ruling of the court the defendant at the time then and there excepted. Counsel for defendant offers to prove in answer to the question that the witness is acquainted with the general reputation of the defendant for morality in the neighborhood in which he lives." Appellant insists that the question is not presented in this record, for the reason that the offer to prove came too late. The point involved is one of universal interest to litigants and lawyers in the State.

The rule relative to the making of such offers was laid down by the Supreme Court in an apparently well considered case as follows: "If the evidence which the appellants desired to introduce rested in parol, then the witness from whom the proof was to come should have been placed upon the stand, and a question propounded, and if objected to, and the objection sustained, then an offer should have been made as to what the witness would state in answer to the question. This would have properly presented the question in the record." *Smith* v. *Gorham,* 119 Ind. 436, 439. This case has not been overruled. It is adopted by the distinguished author of a standard work on procedure as expressive of the law, and cited as in apparent harmony with the

other cases then decided. Elliott's App. Proc. §743. The Supreme Court have also decided that the offer to prove must precede the ruling. *Gunder* v. *Tibbits,* 153 Ind. 591. The cases are upon their face conflicting, in which event this court is at liberty to follow the one supported by the better reason. When their reason is considered, however, it is apparent the intention of the court is consistent at all times.

It may be premised that the reason it is essential to show in the record what answer the witness will make is that the court to which the appeal is taken may be enabled to determine whether the party offering it was injured by its exclusion. *Robinson Machine Works* v. *Chandler,* 56 Ind. 575, 582; *Lewis* v. *Lewis,* 30 Ind. 257, 258; *Toledo, etc., R. Co.* v. *Goddard,* 25 Ind. 185, 191; *Jordan* v. *D'Heur,* 71 Ind. 199, 207. So far as this court is concerned, it can not be material as to what portion of the record the offer appears in. It might be shown by a separate bill of exceptions. The force of the tendered evidence depends upon what it is, and not the time of its presentation. It is not, therefore, necessary for the protection of the appellate tribunal that the offer be made at any precise time. It would not be correct, however, to say that the offer to prove is made only for the enlightenment of the court to which the appeal is taken. It is due the trial court that an offer should be made, and it is a matter of fairness to the trial judge that the higher court insist that the offer should be timely. "Where a party may wish to avail himself, in this court, of an alleged error of the court below, in the exclusion of offered evidence, it is due to both the courts that the record should show, clearly and explicitly, and without any necessity for inference or surmise, what evidence was offered and excluded, and what facts it was intended to establish thereby." *Mitchell* v. *Chambers,* 55 Ind. 289, 295.

It follows that when the record shows that the offered proof was exhibited to the trial judge in such manner as furnished to him a pledge of present ability and sincerity,

and gave him full opportunity to deliberate and decide, that then the higher court is relieved from responsibility, and may properly proceed to the considerations of the cause appealed, upon its merits. It is therefore held that the offer must be made in such manner "as the trial court may direct." *Judy* v. *Citizen,* 101 Ind. 18; *Deal* v. *State,* 140 Ind. 354, 371.

When rules are applied otherwise than with regard to their reason, the result is an artificial standard not possibly productive of any good and surely an obstruction to the administration of justice between men according to their deserts. Rules of practice in the courts are matters of expediency and convenience; there is nothing more of them. The record in this case shows: (1) A question; (2) an objection; (3) a ruling and an exception thereto; (4) an offer to prove. The principal fact in this chain of events is the ruling of the court. The question, the objection, and the offer are contemporaneous acts; they belong to the transaction. The order of the events may be transformed without changing the thing itself (the ruling). Suppose it reversed: (1) An offer to prove; (2) a question; (3) an objection; (4) a ruling and exception. Taken together we have again the single transaction. The circumstances and facts connected with the main fact serve to illustrate its character and are parts of it.

The question and the offer unfold the nature and quality of the ruling harmonizing it with themselves and forming with it one transaction. If this is a correct statement, it follows that the principle declared in *Gunder* v. *Tibbits,* 153 Ind. 591, is not applicable to such a record as is now being considered. There is no break in the continuity of the events enumerated, so far as is shown. It would be a strange doctrine to declare that one part of a transaction took place after the transaction itself. The word after, as used by the Supreme Court, was evidently not intended to apply to such a case. That it has ever been so applied is no doubt due to

an inadvertence. The logic of the opinion in the case re-
ferred to is unanswerable when the word "after" is given
its usual meaning; applied to a contemporaneous and single
transaction, it would merely illustrate, as Fichte puts it, how
easy it is to "go on subtilizing until we loose the power of
recognizing truth." A capable trial judge rules on many
objections promptly; following the evidence, he sees before
the objection is completed what there is in it, and disposes of
it instantly. To dispatch business promptly such action
upon his part is necessary. In the majority of instances
the ruling made is acquiesced in, and no necessity or excuse
for a formal offer to prove exists. When, however, the rul-
ing is wrong, such offer is essential to preserve the right of
the party. If this record shows the offer to prove to have
been made too late, the question then arises as to how the
party may preserve his right. What step must he take that
has not been here taken? Question, objection, and ruling
have been asked, made, and recorded by the stenographer in
the order stated; that official might be persuaded to change
the record so as to show that something took place different
from the fact, but it would be unfortunate if the power of
this court to review hinged upon such an action. No rule
ought to be followed that puts it in the power of a trial judge,
by quick rulings, to prevent a litigant from saving any
question upon the rejection of evidence.

The alternative is to make a formal offer to prove when-
ever an objection is indicated. It might become a race
between judge and lawyer to see who could speak first, in
which event an interesting spectacle would be presented.
To make formal offers in every instance is impracticable,
and not consistent with due progress in the trial of causes.
Until the judge has expressed himself no one can know
whether an offer to prove would, or should not, be made.
The writer has been unable to recall a single instance where
the formal offer was made before the ruling of the court
was announced or indicated. If a different practice pre-

vails in any portion of the State he has been unable to learn of it. Who has not heard the expression "You may prove that" made by the judge while the lawyer was putting in condensed shape the evidence which he had just been told was inadmissible? A ruling on evidence by a trial judge, is tentative until the formal offer has been concluded. No advantage can be taken of the judge, for he follows the statement word by word, and should be always glad of an opportunity to correct his own error if one is made. When a new subject is taken up, or a new witness sworn, an offer to prove would be too late, and within the principle of the later Supreme Court cases. It can not be correct to say that the offer was made after the ruling if it is made in open court in the presence of the parties while and when the subject-matter thereof is in the mind of and receiving consideration thereof from the judge whose conclusion has not been declared beyond recall or modification.

*Deal* v. *State,* 140 Ind. 354, seems to be the first of a number of cases involving this question, and recently decided by the Supreme Court. It is the principal authority cited in *Gunder* v. *Tibbits,* 153 Ind. 591. It was expressly based upon *Judy* v. *Citizen,* 101 Ind. 18, from the opinion in which the following quotation was made: "A bill of exceptions in the record recites, that at the proper time the defendant 'introduced upon the witness stand one Benjamin Judy, the defendant, a competent witness, and by him offered to prove the following facts: (1) That the defendant was the owner in fee of the premises in controversy.' This is followed by six additional propositions, which the bill states the defendant offered to prove by the witness. This is followed by like propositions made with respect to his other witnesses. These offers were, on objection made by the plaintiff, rejected by the court, and in this it is claimed the court erred. It does not appear that any questions were propounded to either of the witnesses, nor is there any statement of the particular facts which it is claimed either of

them would have testified to. Nothing further appears except that a witness was in each case placed on the stand, whereupon the defendant submitted to the court a list of propositions or conclusions which it was proposed to establish by the testimony of each witness. This presents no question for our consideration. *Higham* v. *Vanosdol,* 101 Ind. 160, and cases there cited. Questions upon the refusal to admit evidence from a witness can only be saved by propounding to the witness some pertinent question, and, upon objection made, *stating to the court, as it may direct,* the testimony or facts which the witness would detail in answer thereto." *Deal* v. *State,* 140 Ind. 354, 371. It will be observed that the facts in the Judy case are not similar to those shown by the record now before this court. Nor does that authority justify the construction placed upon it in the Deal case. The presumption, in the absence of something to the contrary, is that the offer to prove was made as directed by the court. In accordance, as is believed, with the spirit of our code, the question arising upon the exclusion of the evidence will be considered.

The presumption is that the general reputation of every person is good, and evidence of good reputation where character is not in issue will not be received until evidence of bad reputation has been given. 3 Rice on Ev. §228. No attack upon the general reputation of appellant has been made. The only authority cited is *Dubois* v. *Johnson,* 96 Ind. 6, in which evidence of the good character of a third party, in whose family an infant child was living, was admitted as being proper to inform the court what his influence upon her would likely be. Where the court has full information as to what the disposition and habits of a father are, as shown by his family relations, evidence of his general reputation would not affect its knowledge of his fitness to have the custody of an infant child, and there was therefore no error in the ruling complained of. There might be cases where such evidence would be necessary.

It would unduly extend this opinion to take up in detail each question presented by the motion for a new trial. An examination of them satisfies us that no reversible error was committed. Seven days were occupied in taking evidence. The rulings complained of relate to remote and collateral matters. The conclusion from all the evidence is irresistible that a fair trial was had and a correct result reached.

Motions were made to modify the judgment both as to the custody of the infant daughter, Dorothy, and as to the amount of alimony and its manner of payment.

Appellant is one of two children; he was twenty-nine years of age at the time of the trial, with an expectancy of thirty-five years; he was the owner of an estate for his own life, in 390 acres of land worth $40 per acre, with an annual rental value of $2.50 per acre, and subject to an estate for the lives of his father and mother, whose joint expectancy is thirteen years. The remainder in this real estate has been deeded by the grandparents to the children of appellant, he having at this time but the one. Appellant is an able-bodied man, well educated, and in good health, and possessing earning ability. His parents are well-to-do. He is one of two children. The appellee is not in the best of health, and was not shown to have any property. His conduct towards her has not been good. This litigation has been long continued. The position held by the parties in society, and their habits of life, as shown by the evidence, tend to demand a liberal allowance. The rule relative to judgments for alimony is quite well settled. A very broad discretion is given to the trial court, and an abuse of that discretion must be very clear indeed before its exercise will be interfered with. *Gussman* v. *Gussman,* 140 Ind. 433, 436. The amount awarded in this case is not so large as to indicate such abuse. It will therefore stand as rendered. The wife was the proper person to have the custody of the child. In view of its age, sex, and the surroundings of the parties, no other order could

have well been made. The order was incomplete, in that it was not limited until the further order of the court. In this respect it should be modified. It ought also to be modified in another respect. The fact cannot be ignored that appellant's parents have manifested much affection for the little girl, who is their only grandchild. As the order now stands the appellant has no right to visit the child, or have her visit him at any place. It is fairly inferable that unless the order is modified no communication will be allowed.

The cause will be remanded, with instructions to modify the order relative to the custody of the child, Dorothy, in this, that she be allowed to visit her father at the home of his parents, or at such other place as the court shall deem proper, at such times and under such restrictions as the court shall from time to time fix and impose; and that said order be further modified as to allow appellant to visit his child at such times and places and under such restrictions as the court may direct. It is ordered that the costs of this appeal be taxed equally to the parties, to appellant and appellee.

Thus modified, the judgment is affirmed.