## SKINNER *v.* SKINNER.

[No. 6,989.   Filed May 23, 1911.]

1. DIVORCE.— *Abandonment.— Cruelty.*— A complaint for divorce sufficiently alleging cruel and inhuman treatment will be held sufficient though the additional attempted charge of abandonment is not sufficient.   p. 670.

2. DIVORCE.—*Abandonment.—Cruelty.—Evidence.*—Where a complaint for divorce charges abandonment and cruel treatment, a failure to prove abandonment is not fatal, since proof of cruel treatment alone is sufficient to entitle the plaintiff to a divorce. p. 671.

3. DIVORCE.—*Condonation.—Answer.*—Condonation constitutes a defense in a suit for divorce, but to admit evidence thereof, it must be pleaded.   p. 671.

4. DIVORCE.—*Condonation.—Conditions.*—Defendant's former cruel treatment is admissible in evidence in a divorce suit, though such injuries were condoned, where it is further shown that similar injuries were afterwards inflicted.   p. 672.

5. DIVORCE.— *Alimony.— Excessive.*— Where a husband cruelly treated his wife and afterwards wholly abandoned her and their small children, leaving her property worth from $400 to $500, upon which she had paid a part, a judgment for alimony in the sum of $800 is not excessive, where it is shown that he had accumulated property valued at $4,000 while she was working to take care of herself and the children.   p. 672.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by Rebecca Skinner against Robert Skinner.   From a decree for plaintiff, defendant appeals.   *Affirmed.*

*Smith & Moran,* for appellant.

*Emerson McGriff,* for appellee.

HOTTEL, J.—This was a suit for divorce.   There was a trial, with finding and judgment for appellee, granting the divorce, and alimony in the sum of $800.

The questions relied upon and presented by the appeal are the sufficiency of the complaint and the ruling of the court on the motion for a new trial.   The complaint 1. is attacked here for the first time, and is objected to on the ground that it attempts to charge aban-

donment, and that its allegations, in this regard, are not sufficient to constitute such charge. The answer to this objection is that the complaint sufficiently charges cruel and inhuman treatment and failure to provide, and is therefore sufficient.

One of the grounds of the motion for a new trial, insisted upon by appellant, is that the decision of the court is not sustained by sufficient evidence, counsel's contention being, in effect, that both the complaint and the evidence fail to show that the separation was without the consent of appellee. If the decision rested upon this ground of divorce alone, there would be merit in appellee's contention; but there was proof upon the other charges in the complaint before specified.

2.

Appellee testified, among other things, that upon one occasion appellant beat her head against the door, making a knot which she claims yet to carry; that on another occasion he left her and her infant child, eighteen hours old, when the weather was extremely cold, without any fire or any one to look after her, and that her sister came and found her hair frozen to the bed clothing; that he abandoned her and their children in 1878 and went to Kansas; that since that time he has not written nor spoken to her, and has contributed practically nothing to the support of herself and children.

Appellant, in effect, denies said allegations, and with the exception of his going West, which he admits, gives a different version of the matters testified to by appellee, but in excuse and justification therefor details certain conduct of appellee. Appellant insists that a divorce cannot be granted upon the acts of cruel treatment testified to by appellee, for the reason that the evidence shows condonation. Counsel are in error in this contention, for two reasons, viz.: (1) Condonation is a defense which must be specially pleaded, and no such answer was filed in this case *Lewis* v. *Lewis* [1857], 9 Ind. 105;

3.

*Sullivan* v. *Sullivan* [1870], 34 Ind. 368; *Breedlove* v. *Breedlove* [1901], 27 Ind. App. 560); (2) Condona-
4. tion rests always upon the condition that "the misconduct or injury will not be repeated, and that the offending party will thereafter treat the other with conjugal kindness" (*Wolverton* v. *Wolverton* [1904], 163 Ind. 26; *Rose* v. *Rose* [1882], 87 Ind. 481; *Armstrong* v. *Armstrong's Admr.* [1866], 27 Ind. 186; *Sullivan* v. *Sullivan, supra,* at page 369).

Under the authorities cited, the evidence of condonation, if any, should not be considered; and, even if considered, the conduct of appellant, after the condonation, would entitle appellee to consideration of the evidence of former cruel treatment. And with this evidence considered, the decision of the lower court was sustained by sufficient evidence, and was not contrary thereto.

Another ground of appellant's motion for a new trial, presented and urged in his counsel's brief, is that the judgment for alimony is excessive. The proof shows that
5. appellant at the time of the trial was worth over $4,000. The proof further shows that at the time of the separation appellant had nothing; that he had permitted appellee to take what real estate they owned, worth $400 or $500, in her own name, but, under appellee's evidence, she contributed largely to the purchase money that paid therefor out of her earnings made by weaving carpet and by other hard labor; that appellant relieved himself of the burden of taking care of their children at home, one of whom was a daughter only seven years of age when he left. Under his own evidence, during the twenty-eight years that he was away, he contributed but little to the support of his wife or children. During the period that he was accumulating the $4,000 which he had at the time of the trial, the wife was weaving carpet and working in the garden and field, and at such other work as she could find to earn a living for herself and their children. Under

such proof, appellant has no ground for complaint of the amount he must pay by way of alimony.

There is no error in the record. Judgment affirmed.