## HASH v. HASH

[No. 17,313.   Filed March 12, 1945.]

*Lester C. Morris,* of Indianapolis, for appellant.

*Herman L. Ridenour* and *J. M. Dawson,* of Indianapolis, for appellee.

ROYSE, J.—Appellee brought this action for divorce against appellant, his complaint alleging appellant was guilty of cruel and inhuman treatment in that she had associated with another man and had told appellee she was in love with said man. She had refused to prepare his meals and had mistreated the three year old child

of the parties. It is further averred she was not a fit and proper person to have the care and custody of the child and that appellee was a fit and proper person to have such custody.

Appellant filed an answer admitting and denying allegations in the complaint, and filed a cross-complaint against appellee charging he was guilty of cruel and inhuman treatment in that he would stay away from home until late hours at night, that he led her to believe he was interested in another woman, and he told her he did not love her and was going to get a divorce and take their child away; that he was cruel and insolent to her and their child. She also sought the care and custody of said child.

The trial court granted appellee a divorce from appellant and awarded him the care and custody of the child. The assignment of error here is: (1) The court erred in overruling appellant's petition to introduce omitted evidence in support of the defendant and cross-complainant. (2) The court erred in overruling appellant's motion for a new trial.

The first ground of the assignment is not a proper independent assignment of error.

The only specification of the motion for a new trial is that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

Appellant contends appellee's own evidence proves he condoned appellant's alleged misconduct in that it shows he lived and cohabited with her subsequent to the filing of his action and prior to the trial.

The record discloses the following facts: Appellee's complaint was filed in Room No. 1 of the Superior Court of Marion County on the 16th day of December, 1943. Thereafter, on the 20th day of January, 1944, appellant filed her answer and cross-complaint. On ap-

pellee's motion the venue of said cause was, on the 1st day of February, 1944, changed to Room No. 2 of the Superior Court of Marion County. On the 25th day of February, 1944, appellee, by counsel, filed a motion to dismiss his complaint, which motion was on the same day sustained by the court. On the 9th day of March, 1944, appellant filed her affidavit of residence. On the 14th day of March, 1944, appellant, in person and by counsel, appeared in court, filed her affidavit showing appellee was not in the armed services of the United States. Appellee not being present, the prosecutor appeared as required by the statute, the cause was submitted to the court for trial on appellant's cross-complaint, and after hearing evidence the court found for appellant on her cross-complaint, that she was entitled to a divorce, was a fit and proper person to have the care and custody of their child, that $15 a week was a reasonable sum for the care and custody of said child, and that she was entitled to the furniture in their home and $250 alimony. Judgment accordingly.

On the 15th day of March, 1944, appellee filed in said court his verified motion to set aside the decree of divorce and to reinstate his complaint therein. This motion, in substance, alleged that on or about February 22, 1944, appellant proposed to appellee a reconciliation and that he, believing she was sincere, agreed to dismiss his complaint upon the condition she would dismiss her cross-complaint; that he communicated with his attorney who advised him that appellant should also dismiss her cross-complaint. Appellant's attorney said he would not dismiss the cross-complaint until his fee had been paid. Thereupon, the parties agreed to appear in court personally to dismiss their action and leave the question of appellant's attorney fee to the court. Appellee informed his attorney of this agree-

ment and asked said attorney to inform the court of their intention and directed said attorney to do whatever was necessary in the matter. Appellee's attorney, on February 23, 1944, entered a notation on the complaint that it was "O.K." to dismiss it. On February 24, 1944, appellant told appellee she had talked with her attorney who told her it would be necessary only for her to be present to dismiss this cross-complaint. She told appellee she would appear and dismiss it so he would not have to lose time from his work. Appellee believed said cross-complaint had been dismissed. Thereafter they resumed normal cohabitation and appellant in every respect pretended to be a dutiful and faithful wife. On the morning of March 14, 1944, appellant bid him goodbye and did not intimate she was not sincere in her agreement of reconciliation. In the afternoon of said day he was informed at his work that his wife was moving their furniture. He went home immediately where he was informed by appellant of the judgment that had been entered in court that morning.

On the 16th day of March, 1944, the parties hereto and their respective counsel appeared in court and by agreement of the parties the motion to set aside the decree of divorce and reinstate appellee's complaint was sustained.

At the trial of the cause appellee testified that about two weeks before the trial on appellant's cross-complaint she asked him to dismiss the divorce complaint. He said she promised she would be nice and what he wanted her to be. He called his attorney who told him if he believed she was sincere he would dismiss the action if appellee would come in and talk with the judge. When he told appellant this she promised to call her attorney, a Mr. Slocum, who was at that time repre-

senting her as attorney. She later told appellee her attorney wanted to be paid first, but as far as she was concerned her cross-complaint would be dismissed. She later told her husband that it would not be necessary for him to leave work to go to court to dismiss the action; that she would go herself. He believed her cross-complaint had been dismissed. They resumed their marital relations and he believed she was going to be the ideal wife she once was. The morning of the trial on the cross-complaint appellant prepared his breakfast, was nice to him, bid him good-bye, and said nothing to him about going away. He learned of the trial shortly after noon when a neighbor called and told him his wife was moving the furniture.

Appellant in her original brief asserts this evidence proves conclusively that there was not a continuous separation of the parties between the filing of the complaint for divorce and the trial. She contends appellee, to maintain his action, must prove he had not lived and cohabited with her during such time, citing *Burns* v. *Burns* (1877), 60 Ind. 259, which case so holds.

Appellant correctly asserts the reason for this rule is, that such acts of cohabitation after knowledge of a matrimonial offense constitute condonation of the wrongful conduct. Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness. 27 C. J. S. 608, § 59; *Skinner* v. *Skinner* (1911), 47 Ind. App. 670, 95 N. E. 128, and authorities there cited.

Appellee contends that condonation is an affirmative defense which must be specially pleaded. He further contends he was induced to forgive appellant's misconduct by her fraudulent representation that she desired

a reconciliation and would dismiss her cross-complaint if he would dismiss his complaint.

Appellee cites the case of *Skinner* v. *Skinner, supra* as authority for his contention that condonation must be specially pleaded. The case so holds and cites as authority therefor the cases of *Lewis* v. *Lewis* (1857), 9 Ind. 105; *Sullivan* v. *Sullivan* (1870), 34 Ind. 368; *Breedlove* v. *Breedlove* (1901), 27 Ind. App. 560, 61 N. E. 797.

The Lewis case, *supra,* squarely holds evidence of condonation cannot be considered by the trial court where defendant did not plead it as an answer. In the Sullivan case, *supra,* the Supreme Court held this rule did not apply where the petitioner sets up the condonation and then alleges the violation of its condition, and decided that under such circumstances it was not necessary for the defendant to plead condonation in order to have the benefit of it. In the Breedlove case, *supra,* this court, after referring to the Lewis and Sullivan cases, made this significant statement: "The State is the third party to every divorce suit, and is represented by the judge. *He is of course not bound by the pleadings, but may examine witnesses as to recrimination, collusion, or condonation, and dispose of the case as the interest of the State requires.*" (Our emphasis).

In the case of *Burns* v. *Burns, supra,* the Supreme Court, after declaring a complaint for divorce should allege the separation of the parties and such separation proved at the trial, held: "The question, whether there was actual condonation, will be determined by the evidence on the trial." While the Lewis and Sullivan cases, *supra,* are not referred to in this decision, we are of the opinion that they are in effect overruled by this decision.

In the case of *Rose* v. *Rose* (1882), 87 Ind. 481, the statement of the court says the case was tried on the complaint and the answer of general denial. In upholding the decree of divorce in that case the court held the evidence disclosed the promises made by the defendant to induce the condonation had been broken, thus, at least by inference, holding that it was not necessary to specially plead condonation.

This court in the Skinner case, *supra,* apparently did not consider the Burns and Rose cases, *supra,* decided by the Supreme Court prior to the creation of this court, nor did it, in our opinion, correctly interpret the decision of this court in the Breedlove case, *supra.*

Since, to be successful in an action for divorce, it is necessary to allege and prove a separation (by separation we mean cohabitation must have stopped) of the parties from the time the matrimonial offense was committed, or from the time the aggrieved party learned such offense was committed, to the time of the trial, we believe the question of whether there was a condonation should be determined by the evidence, and that it is not necessary that it be specially pleaded as an answer.

Insofar as the views herein expressed are in conflict with those expressed in the Skinner case, *supra,* that case is overruled.

Condonation to be effectual must be the voluntary act of the injured party, and not induced by fraud, force, or fear. 19 C. J. 84, § 193. The pleadings and evidence in this case indicate to us that when appellant induced appellee to dismiss his complaint and resume conjugal relations with her she had no intention of effecting a permanent reconciliation between herself and appellee. It appears to us she was seeking, by a ruse, to take an unfair advantage of ap-

pellee. Cohabitation induced by such fraudulent conduct is not condonation.

Therefore, the judgment of the Superior Court of Marion County, Room No. 2, is affirmed.

NOTE.—Reported in 59 N. E. (2d) 735.